## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**In re:**

**GREENWOOD LEFLORE HOSPITAL,**                    Debtor Case No. 26-11337

                                                   **Chapter 9**

**MOTION OF DIETRICHE S. JONES, BRANDON DAVIS, AND ANTOINETTE STEWART, AS WRONGFUL DEATH BENEFICIARIES OF LILLIAN STEWART DAVIS, DECEASED, FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1) AND FOR DETERMINATION THAT SELF-INSURANCE TRUST FUNDS ARE NOT PROPERTY OF THE DEBTOR**

**COME NOW** Movants Dietriche S. Jones, Brandon Davis, and Antoinette Stewart, as the wrongful death beneficiaries of Lillian Stewart Davis, Deceased (collectively, "Movants"), by and through undersigned counsel, and respectfully move this Honorable Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and for a determination that self-insurance trust funds established by the Debtor are not property of the Debtor subject to the automatic stay. In support of this Motion, Movants state as follows:

### I. BACKGROUND

1. On or about January 3-4, 2024, Lillian Stewart Davis ("Ms. Davis") presented to the emergency room at Greenwood Leflore Hospital ("GLH" or the "Debtor"). Ms. Davis subsequently died as a result of the care, or lack thereof, she received at GLH.

2. Movants Dietriche S. Jones, Brandon Davis, and Antoinette Stewart are the wrongful death beneficiaries of Ms. Davis.

3. Movants filed a wrongful death and medical malpractice action against GLH and certain individual physician defendants in the Circuit Court of Leflore County, Mississippi, Cause No. 2025-0015-CICI (the "State Court Action"). (**See Exhibit "A"**).

4. The individual physician co-defendants, Richard Scott Johnson, PLLC; Richard S. Johnson, MD; and Timothy Lamb, DO, were dismissed from the State Court Action as employees of the hospital. GLH is the sole remaining defendant in the State Court Action.

5. Discovery was actively underway in the State Court Action. The Movants served their First Set of Interrogatories and First Request for Production of Documents upon GLH. GLH served responses and objections on or about July 16, 2025. GLH's responses were largely obstructive, consisting of boilerplate objections and minimal substantive answers. GLH resisted disclosure of operational policies, incident reports, internal communications, and staff credentials, withheld multiple categories of documents subject to protective orders or employee consents, and declined to provide a granular privilege log for numerous categories of documents. GLH has not disclosed the structure, approval, funding, or trust documentation of any MTCA-compliant self-insurance program.

6. In response to Interrogatory No. 10, GLH stated: "GLH is self-insured for this claim." (**See Exhibit B – GLH Response No. 10**).

7. On April 15, 2026, GLH filed a voluntary petition for relief under Chapter 9 of the Bankruptcy Code in this Court.

8. Notice of the bankruptcy filing was filed on April 16, 2026 (ECF No. 32).

9. The Mississippi Legislature authorized the filing of this Chapter 9 case through Senate Bill 3230, enacted on March 16, 2026.

10. Movants' Complaint pleads compliance with the pre-suit notice of claim and certificate of consultation requirements of the MTCA. GLH answered the Complaint asserting MTCA-based defenses, including the unavailability of punitive damages, attorney's fees, and prejudgment interest, and demanded a bench trial pursuant to Miss.

Code Ann. § 11-46-13(1). GLH's own pleading thus confirms that the MTCA governs this claim and defines a limited, capped liability exposure. (**See Exhibit C – GLH's Answer**).

11. The Debtor's Statement of Eligibility filed in this case discloses that GLH has been engaged in negotiations with the University of Mississippi Medical Center ("UMMC") to acquire certain of GLH's assets "to ensure continued healthcare to the residents of Leflore County and the Delta region." The Statement further discloses that "it is also a certainty that GLH will face a liquidity shortfall in the near-term." An asset sale consummated under the protections of the Bankruptcy Code could result in a transfer of assets free and clear of claims under 11 U.S.C. § 363(f), further diminishing Movants' prospects for recovery if their claim remains unliquidated at the time of any such transaction.

## II. JURISDICTION AND AUTHORITY

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

13. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G), which includes motions to terminate, annul, or modify the automatic stay.

14. This Court has authority to grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), which provides that the court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest."

## III. GREENWOOD LEFLORE HOSPITAL'S STATUS AS A POLITICAL SUBDIVISION AND MTCA APPLICABILITY

15. GLH is a community hospital organized under Miss. Code Ann. § 41-13-10, jointly owned by the City of Greenwood and Leflore County.

16. GLH is a "political subdivision" under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1(i), which expressly includes "community hospital as defined in Section 41-13-10" within the definition of political subdivision.

17. The MTCA governs all tort claims against GLH for causes of action accruing after October 1, 1993. Movants' claims accrued in January 2024 and are therefore subject to the MTCA.

18. Under Miss. Code Ann. § 11-46-15(1), the MTCA imposes a damage cap of $500,000 per occurrence for claims against political subdivisions.

19. Movants' wrongful death claim against GLH is therefore capped at $500,000, representing a defined and limited exposure to the Debtor.

## IV. THE DEBTOR'S SELF-INSURANCE OBLIGATION UNDER MISSISSIPPI LAW

20. Miss. Code Ann. § 11-46-17(3) requires all political subdivisions to "obtain a policy or policies of insurance, establish self-insurance reserves, or provide a combination of insurance and reserves as necessary to cover all risks of claims and suits" under the MTCA.

21. Self-insurance plans must be submitted to and approved by the Mississippi Tort Claims Board, which issues a Certificate of Coverage upon approval.

22. Under the Tort Claims Board regulations, specifically 21 Miss. Code R. 301-8.1, a self-insuring political subdivision must establish a Trust Account at a state depository.

23. Trust account expenditures are strictly restricted by regulation: "only tort claim settlements or judgments, cost of legal defense, third party administrator fees and expenses, and the costs of regulation as determined by the Board shall be paid from the fund."

24. Self-insuring political subdivisions are required to obtain annual compliance audits by a certified public accounting firm and annual actuarial reviews of reserve adequacy.

25. Miss. Code Ann. § 41-13-101 separately authorizes community hospitals to establish and maintain trusts for insuring against public liability and malpractice claims.

26. Miss. Code Ann. §§ 41-13-101 through 41-13-107 establish a dedicated statutory framework for hospital liability trusts, authorizing community hospitals to establish and maintain trusts "for the purpose of insuring against general public liability claims based upon acts or omissions of such hospitals, including without limitation, claims based upon malpractice." Movants are entitled to discovery regarding whether GLH established such a trust in addition to or as part of its self-insurance program under § 11-46-17.

27. In discovery in the State Court Action, GLH stated that it is "self-insured for this claim" but provided no details regarding the structure, funding, or regulatory status of its self-insurance program.

28. Movants are entitled to verification of the Debtor's self-insurance status and the existence, structure, and funding of any self-insurance trust.

29. Under that provision, a governmental entity may purchase excess liability insurance above the $500,000 MTCA cap, and if it does, sovereign immunity is waived to the extent of that excess coverage. GLH's interrogatory response said only that it is "self insured for this claim" but never addressed whether excess or umbrella coverage exists. If there is an excess policy, those proceeds are clearly non-estate property under *In re Edgeworth*.

**V. THE SELF-INSURANCE TRUST FUNDS ARE NOT PROPERTY OF THE DEBTOR SUBJECT TO THE AUTOMATIC STAY**

29. In Chapter 9 cases, 11 U.S.C. § 902(1) redefines "property of the estate" as "property of the debtor."

30. Under the Fifth Circuit's holding in *In re Edgeworth*, 993 F.2d 51, 56 (5th Cir. 1993), liability insurance proceeds are not property of the estate because the debtor lacks a cognizable interest in the proceeds. The proceeds exist solely to satisfy claims of injured parties, not to benefit the debtor.

31. Although the Debtor's self-insurance program does not involve a third-party insurer, the functional effect of Mississippi's regulatory scheme is the same: the funds are restricted to a specific purpose and are not available for the Debtor's general use or for distribution to general creditors.

32. Under 11 U.S.C. § 541(d), property in which the debtor holds only legal title, not equitable interest, enters the estate only to the extent of the debtor's legal title.

33. The self-insurance trust funds are held subject to state-law restrictions that create equitable interests in favor of tort claimants. The funds may only be used for tort claim settlements or judgments, cost of legal defense, third-party administrator fees and expenses, and costs of regulation.

34. The Tort Claims Board's regulatory authority, combined with the trust indenture requirement and expenditure restrictions, establishes a state-law trust that federal bankruptcy law must respect under *Butner v. United States*, 440 U.S. 48, 55 (1979), which holds that property interests are created and defined by state law.

35. Analogous cases support the exclusion of restricted-purpose funds from the bankruptcy estate. In *In re Parkview Hospital*, 211 B.R. 619 (Bankr. N.D. Ohio 1997), the court held that restricted charitable trust funds were excluded from the estate. In *In re Joliet-Will County Community Action Agency*, 847 F.2d 430 (7th Cir. 1988), the Seventh Circuit held that restricted-use government grants were not property of the estate.

36. If the self-insurance trust funds are not property of the Debtor, the automatic stay does not bar Movants from pursuing their MTCA claim to the extent recoverable from those funds.

## VI. IN THE ALTERNATIVE, CAUSE EXISTS TO LIFT THE STAY FOR LIQUIDATION OF THE WRONGFUL DEATH CLAIM

37. In the alternative, if this Court determines that the self-insurance trust funds are property of the Debtor, Movants respectfully submit that cause exists under 11 U.S.C. § 362(d)(1) to lift the automatic stay for the limited purpose of liquidating Movants' wrongful death claim in the State Court Action.

**A. The Bankruptcy Court Lacks Jurisdiction to Liquidate Wrongful Death Claims**

38. 28 U.S.C. § 157(b)(2)(B) expressly excludes personal injury tort and wrongful death claims from the bankruptcy court's core jurisdiction.

39. These claims must be tried in a district court, not the bankruptcy court.

40. The State Court Action is the appropriate forum for the liquidation of Movants' wrongful death and medical malpractice claims.

**B. The Debtor's Own Pleadings Confirm the MTCA Framework and Limited Exposure**

41. In its Answer in the State Court Action, GLH affirmatively asserted MTCA-based defenses and demanded a bench trial pursuant to Miss. Code Ann. § 11-46-13(1). GLH invoked the MTCA's prohibition on punitive damages, prejudgment interest, and attorney's fees, and asserted the statutory damages cap.

42. GLH's own pleading constitutes a judicial admission that the MTCA governs this claim and that Movants' recovery is limited to the statutory cap of $500,000.00. The Debtor cannot simultaneously invoke the MTCA's protections and resist Movants' efforts to adjudicate the claim within the MTCA framework in the state court that routinely applies it.

43. The claims allowance process in bankruptcy is ill-suited to resolve MTCA medical malpractice claims, which require application of Mississippi's substantive standards of care, causation analysis, and specialized procedural requirements.

**C. The State Court Possesses Specialized Competence**

44. Medical malpractice litigation involves complex questions of Mississippi substantive law, including standards of care, causation, and damages.

45. The MTCA has specific procedural and substantive requirements that Mississippi state courts routinely apply.

46. The Circuit Court of Leflore County has particular familiarity with the parties, the community, and the applicable law.

**D. The State Court Action Was Actively Being Litigated**

47. Discovery was actively underway in the State Court Action at the time of the bankruptcy filing. Movants had served interrogatories and document requests, and GLH had served responses and objections.

48. Significant resources have already been invested in the State Court Action by all parties.

49. Abandoning this progress would be wasteful and prejudicial to Movants.

**E. The Claim Represents Limited, Defined Exposure to the Debtor**

50. The MTCA damage cap limits Movants' recovery to $500,000.00.

51. Under the MTCA, there are no punitive damages, no prejudgment interest, and no attorney's fees recoverable against political subdivisions.

52. Movants' claim represents a modest, quantifiable exposure that does not threaten the Debtor's reorganization.

**F. Movants Seek Liquidation and Collection from Restricted Trust Funds**

53. At a minimum, Movants seek relief from the automatic stay to establish liability and damages in the State Court Action.

54. To the extent any self-insurance trust funds are determined to exist and to be restricted to the payment of tort claims under Mississippi law, Movants respectfully submit that collection from those restricted funds should be permitted following entry of judgment, as diverting restricted-purpose tort trust funds to the general creditor pool through the Chapter 9 plan would contravene the expenditure restrictions imposed by the Mississippi Tort Claims Board regulations and the purposes for which the trust was established. Collection from the Debtor's general, unrestricted assets, if any, would remain subject to the bankruptcy process and any confirmed plan of adjustment.

55. This relief imposes minimal burden on the Debtor and the bankruptcy estate. The self-insurance trust was funded for the express purpose of paying tort judgments and settlements, and Movants' claim is capped at $500,000.00 under the MTCA.

**G. Delay Causes Continuing Prejudice to Movants**

56. Chapter 9 cases can take years to resolve.

57. Because all individual physician co-defendants have been dismissed from the State Court Action, GLH is the sole remaining defendant. The automatic stay does not merely delay Movants' claims against one of several defendants; it completely extinguishes Movants' ability to litigate their wrongful death claims in any forum.

58. Delay creates a substantial risk of witness unavailability, evidence loss, and fading memories.

59. The Debtor's disclosed negotiations with UMMC for the acquisition of GLH's assets create additional urgency. If a sale is consummated under 11 U.S.C. § 363(f) before Movants' claim is liquidated, the assets from which recovery might be obtained could be

transferred free and clear of Movants' claims, leaving Movants with an unsecured claim against a depleted estate.

60. Movants are wrongful death beneficiaries who have been deprived of their day in court and who continue to suffer prejudice from the inability to prosecute their claims.

61. The Debtor's own Statement of Eligibility acknowledges that GLH "has no available source of funding to permit operations to continue for a reasonably predictable period of time" and that a "liquidity shortfall in the near-term" is a certainty. Every month of delay diminishes the likelihood that Movants will obtain any meaningful recovery.

62. The confluence of GLH's self-insurance representation, its MTCA defenses and limitations assertions, and its resistance to produce self-insurance trust documentation in the State Court Action presents a narrow, adjudicable question regarding whether restricted-purpose self-insurance trust funds fall outside the Debtor's property. This question warrants targeted discovery and an evidentiary hearing on the trust's existence, structure, funding, regulatory approvals, and current balances.

## VII. REQUEST FOR EXPEDITED, TARGETED DISCOVERY AND EVIDENTIARY HEARING

63. Movants propose expedited, targeted discovery limited to the Debtor's self-insurance program and any related trust, to be completed within thirty (30) days, including the following categories for immediate production under confidentiality as appropriate:

a. The self-insurance plan submitted to the Mississippi Tort Claims Board and any approval, including the Certificate of Coverage;

b. The trust account agreement(s), current and historical account statements for the preceding thirty-six (36) months, investment policy, and signatory and administration designations;

c. Annual compliance audits by a CPA firm for the last three (3) fiscal years and annual actuarial reserve adequacy reports for the last three (3) fiscal years;

d. Regulatory correspondence with the Mississippi Tort Claims Board regarding the Debtor's self-insurance program during the last five (5) years;

e. Documents sufficient to show permitted expenditures from the trust (settlements, judgments, defense costs, third-party administrator fees, and regulatory costs) for the preceding thirty-six (36) months;

f. Any board resolutions or hospital governance materials establishing or modifying the self-insurance trust or reserves pursuant to MTCA requirements or community hospital authorities under Miss. Code Ann. §§ 41-13-101 through 41-13-107; and

g. All policies of liability, excess liability, or umbrella insurance maintained by the Debtor at any time within the past ten (10) years that would or may provide coverage for claims of the type asserted by Movants, including any excess coverage purchased pursuant to Miss. Code Ann. § 11-46-17(4).

64. Movants further request leave to conduct a Rule 30(b)(6) deposition of the Debtor, to be completed within twenty-eight (28) days of the entry of the Court's scheduling order, on the following topics: (i) formation, governance, and funding of any self-insurance trust or reserve maintained by the Debtor; (ii) submissions to and approvals from the Mississippi Tort Claims Board, including the current regulatory status of the Debtor's self-insurance program; (iii) trust banking relationships, account controls, investment policy, and signatory designations; (iv) permitted expenditures from the trust and the Debtor's claims-handling processes for tort claims; and (v) current balances, reserve methodology, and actuarial adequacy of the self-insurance program.

65. Following the completion of this limited discovery, Movants request that the Court set an evidentiary hearing, to be conducted within forty-five (45) days of the entry of the

scheduling order, to determine: (i) whether the Debtor's self-insurance trust funds are not property of the Debtor subject to the automatic stay; and (ii) in the alternative, whether cause exists under 11 U.S.C. § 362(d)(1) to modify the stay to permit liquidation of Movants' claims in the State Court Action.

## VIII. RELIEF REQUESTED

**WHEREFORE,** Movants respectfully request that this Honorable Court enter an order:

(a) Determining that any self-insurance trust funds established by the Debtor pursuant to Miss. Code Ann. § 11-46-17(3) and the regulations of the Mississippi Tort Claims Board are not property of the Debtor subject to the automatic stay under 11 U.S.C. § 362(a), and authorizing Movants to pursue their MTCA claim against those funds in the Circuit Court of Leflore County, Mississippi, Cause No. 2025-0015-CICI, through entry of final judgment and collection thereon to the extent permitted by law, without further order of this Court;

(b) In the alternative, granting relief from the automatic stay under 11 U.S.C. § 362(d)(1) for the limited purpose of permitting Movants to continue the prosecution and liquidation of their wrongful death and medical malpractice claims against Greenwood Leflore Hospital in the Circuit Court of Leflore County, Mississippi, Cause No. 2025-0015-CICI, through entry of final judgment;

(c) Entering a scheduling order establishing the deadlines set forth in Section VII of this Motion, including document production within fourteen (14) days of the entry of this Order, a Rule 30(b)(6) deposition of the Debtor within twenty-eight (28) days, and an evidentiary hearing within forty-five (45) days;

(d) Directing the Debtor to produce, within fourteen (14) days of the entry of this Order, the documents set forth in paragraph 63 of this Motion, including without

limitation: (i) the self-insurance plan submitted to the Mississippi Tort Claims Board and any Certificate of Coverage; (ii) the trust account agreement, trust indenture, investment policy, signatory designations, and current and historical account statements for the preceding thirty-six (36) months; (iii) annual compliance audits and actuarial reserve adequacy reports for the preceding three (3) fiscal years; (iv) correspondence with the Mississippi Tort Claims Board for the preceding five (5) years; (v) documents sufficient to show permitted expenditures from the trust for the preceding thirty-six (36) months; (vi) board resolutions or hospital governance materials establishing or modifying the self-insurance trust or reserves, including any trust established under Miss. Code Ann. §§ 41-13-101 through 41-13-107; and (vii) all policies of liability, excess liability, or umbrella insurance maintained by the Debtor at any time within the past ten (10) years, including any excess coverage purchased pursuant to Miss. Code Ann. § 11-46-17(4);

(e) Authorizing a Rule 30(b)(6) deposition of the Debtor, to be completed within twenty-eight (28) days of the entry of this Order, on the topics set forth in paragraph 64 of this Motion;

(f) Setting an evidentiary hearing within forty-five (45) days of the entry of the scheduling order to determine (i) whether the Debtor's self-insurance trust funds are not property of the Debtor subject to the automatic stay, and (ii) in the alternative, whether cause exists under 11 U.S.C. § 362(d)(1) to modify the stay to permit liquidation of Movants' claims in the State Court Action;

(g) In the further alternative, authorizing Movants to conduct a Rule 2004 examination of the Debtor regarding the existence, structure, funding, and regulatory status of its self-insurance program and any trust established under Miss. Code Ann. § 11-46-17 or §§ 41-13-101 through 41-13-107;

(h) In the event the Court grants the alternative relief requested in subparagraph (b), providing that any judgment obtained in the State Court Action may be collected from any self-insurance trust funds established by the Debtor to the extent such funds are restricted to the payment of tort claims under Mississippi law, and that any portion of the judgment not recoverable from restricted trust funds shall be submitted as a liquidated claim in this bankruptcy case, subject to the claims allowance process and any confirmed plan of adjustment;

(i) In the event the Court grants the alternative relief requested in subparagraph (b), providing that such relief does not authorize Movants to execute upon, attach, garnish, or otherwise collect on any judgment obtained in the State Court Action against the Debtor's general, unrestricted assets absent further order of this Court; and

(j) Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**DIETRICHE S. JONES, BRANDON DAVIS, ANTOINETTE STEWART, the Wrongful Death Beneficiaries of LILLIAN STEWART DAVIS, Deceased**

By:   /s/Elizabeth R. Carr
ELIZABETH R. CARR, MSB 101579
**One of the Attorneys for the Movants**

Janessa E. Blackmon, Esq. (MSB#101544)
jeblackmon@blackmoncarr.com
Elizabeth R. Carr, Esq. (MSB# 101579)
ecarr@blackmoncarr.com
BLACKMON CARR, LLC
682 Towne Center Blvd.
Ridgeland, MS 39157
601-933-0370  Telephone
601-933-0374  Facsimile

www.blackmoncarr.com

Edward Blackmon, Jr.
BLACKMON & BLACKMON, PLLC
907 W. Peace Street
Canton, MS 39046
(601) 859.1567 (ph)
edblackmon@blackmonlawfirm.com

*Attorneys for the Movant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April, 2026, a true and correct copy of the

foregoing Motion for Relief from the Automatic Stay was served via electronic mail

and/or U.S. Mail, first-class postage prepaid, upon the following:

**Douglas C. Noble**
McCraney Montagnet Quin & Noble, PLLC
602 Steed Road, Suite 200
Ridgeland, MS 39157
dnoble@mmqnlaw.com
Counsel for Debtor

**Tommie G. Williams, Jr.**
Upshaw, Williams, Biggers & Beckham, LLP
P.O. Drawer 8230
Greenwood, MS 38935-8230
twilliamsjr@upshawwilliams.com
State Court Counsel for Debtor

**United States Trustee**
Thad Cochran U.S. Bankruptcy Courthouse,
703 Highway 145,
Aberdeen, MS 39730

All other parties required by the Local Rules of the United States Bankruptcy Court

for the Northern District of Mississippi.

 /s/Elizabeth R. Carr
ELIZABETH R. CARR, MSB 101579

Janessa E. Blackmon, Esq. (MSB#101544)
jeblackmon@blackmoncarr.com
Elizabeth R. Carr, Esq. (MSB# 101579)
ecarr@blackmoncarr.com
BLACKMON CARR, LLC
682 Towne Center Blvd.
Ridgeland, MS 39157
601-933-0370  Telephone
601-933-0374  Facsimile
www.blackmoncarr.com

Edward Blackmon, Jr.
BLACKMON & BLACKMON, PLLC
907 W. Peace Street
Canton, MS 39046
(601) 859.1567 (ph)
edblackmon@blackmonlawfirm.com

*Attorneys for the Movant*