## IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

**DIETRICHE S. JONES, BRANDON DAVIS,**
**ANTOINETTE STEWART, the Wrongful**
**Death Beneficiaries of**
**LILLIAN STEWART DAVIS, Deceased**                                **PLAINTIFFS**

**VS.**                                                         **CAUSE NO. 2025-0015-CICI**

**GREENWOOD LEFLORE HOSPITAL,**
**RICHARD SCOTT JOHNSON, PLLC,**
**RICHARD S. JOHNSON, MD**
**TIMOTHY LAMB, DO AND**
**JOHN/JANE DOES 1-20**                                              **DEFENDANTS**

### DEFENDANT GREENWOOD LEFLORE
### HOSPITAL'S RESPONSES AND OBJECTIONS TO THE PLAINTIFFS'
### Interrogatories (FIRST SET)

NOW COMES the defendant, Greenwood Leflore Hospital (GLH), by counsel, and responding to the plaintiffs' Interrogatories, states as follows, to-wit:

### GENERAL OBJECTION
### MOTION FOR PROTECTIVE ORDER

The plaintiffs' Interrogatories exceed the number permitted by the Mississippi Rules of Civil Procedure. The Interrogatories are abusive in nature.

In responding to these Interrogatories the defendant will be guided by the terms of the Mississippi Rules of Civil Procedure without regard to notes A, B, C and D as contained in the plaintiffs' Interrogatories.

## INTERROGATORIES

1. State whether Greenwood Leflore Hospital admits or denies that the care provided to Ms. Davis deviated from accepted medical standards. If denying, provide a factual basis for your position.

**RESPONSE:** OBJECTION. This Interrogatory is overly broad and impermissibly vague. The defendant provided care via physicians, nurses, therapists and laboratory personnel. The Interrogatory makes no effort to individualize the inquiry as to any specific care provided by any provider. Without waiving said objection, GLH denies Interrogatory No. 1

2. Please identify (as defined hereinabove) any and all medical professionals who Provided any healthcare services to Plaintiff, Lillian Stewart Davis on January 3 and January 4, 2024. [A general reference to the medical records will be viewed as an insufficient response to this Interrogatory.]

**RESPONSE:** Pursuant to the provisions of Rule 33(d) M.R.C.P. the medical records of GLH pertaining to Ms. Davis' admission to the emergency room and transfer on January 3 and 4, 2024 are identified. These records contain the information requested and the burden of deriving the same from records is the same for the plaintiffs as for this defendant.

3. For each healthcare professional identified by you in response to Interrogatory

No. 2 above, please state the following:

    (a)    the Identity of their employer;

    (b)    the respective dates of hire and, if applicable, dates of termination of employment;

    (c)    their job title;

    (d)    a brief description of their respective job responsibilities; and

    (e)    whether they have ever been a defendant in a civil lawsuit in which a plaintiff has alleged professional negligence.

    (f)    Have any of the healthcare professionals identified by you ever been arrested? If so, please identify the alleged crime, the date each was arrested, and the outcome, e.g., plea, conviction, etc.

    (g)    Have any of the healthcare professionals identified by you ever been contacted, investigated or disciplined by any state, governmental or professional board, agency, or organization with any responsibility for the supervision or oversight of the medical or nursing profession within any state concerning their execution or performance of any aspect of nursing care? If so, please give the name of the state, governmental or professional board, agency, or organization, date, and brief summary of the proceedings and results thereof.

    (h)    Have any of the healthcare professional identified by you ever been disciplined by any hospital, medical society, or any other professional organization, whether voluntary or compulsory? If so, please give the name of the hospital, medical society or professional organization, date and brief summary of the proceedings and results thereof.

    (i)    Have any of the healthcare professionals identified by you ever had staff privileges at any hospital withdrawn for any reason? If so, please give the name of the hospital, the date, and a brief statement of the reason such action was taken and their defenses thereto, if they have any.

**RESPONSE:**    OBJECTION. This Interrogatory is overly broad, impermissibly vague, abusive and requests discovery of information having no relevance to the events in question. Without waiving said objection, see response to Interrogatory No. 2.

3

4. State whether Greenwood Leflore Hospital has preserved all medical records, incident reports, and internal communications related to Ms. Davis' treatment, as required by the litigation hold notice. If any records have been lost, altered, or destroyed, explain the circumstances.

**RESPONSE:** OBJECTION. This Interrogatory is overly broad, and impermissibly vague insofar as a reference to "internal communications" is concerned. Without waiving said objection, the defendant can state that it has preserved medical records pertaining to Ms. Davis' treatment at the time in question and those records are contained in the hospital's electronic medical records system.

5. If you or your agents, attorneys or representatives have any evidence or reason to BELIEVE OR SUSPECT that any other person(s) or entity(ies) or unidentified Third-party(ies) that are presently not named-defendants in this suit, MAY be wholly or partially responsible for causing any of the injuries or damages claimed by the Plaintiff in this suit, please state:

(a) Identity of such other person(s) or entity(ies) or third-parties, or if the identity is unknown at this time, please provide all information and description of such person or entity known to you or your agents at this time, and

(b) For each person or entity identified by you in response to (a) above, please describe the reason(s) you believe or suspect such other person or entity may have any responsibility or liability for this incident, and

(c) Identify and describe with sufficient particularity enabling Plaintiff to locate and obtain any evidence (including, but not limited to, statements,

4

recordings, documents, photographs, records of any kind, etc.) potentially supporting any belief or suspicion that any other persons or entities may be potentially responsible or liable for causing Plaintiff's injuries, and identify any custodian (by name, address, phone number) of such evidence; and

(d) State any law or legal theory forming the basis of any belief or suspicion by you or any of your representatives that such other person(s) or entity(ies) may be a proper party to this suit.

**RESPONSE:** OBJECTION. This Interrogatory is overly broad, impermissibly vague and seeks to invade the Work-Product Doctrine and Attorney-Client Privilege.

6. State the name, address, occupational title, and present whereabouts of each person whom you expect to call as an expert witness at the trial of this case, and with respect thereto, state the following:

(a) the subject matter on which the expert is expected to testify;

(b) the substance of the facts and opinions to which the expert is expected to testify;

(c) a summary of the grounds for each opinion to which the expert is expected to testify; and

(d) whether any reports or other written materials or letters have been generated by such expert.

(e) each document upon which such person relies, if any, to support the opinions to which the expert is expected to testify.

**RESPONSE:** No decision has been made at this time regarding the use of expert witnesses at trial.

7. Please state the name and list the address and occupation of each and every person who has any knowledge or information relevant to the issues in this case. If

5

you contend that any witnesses listed in your answer to this Interrogatory were eyewitnesses, please so state.

**RESPONSE:**   Please see our response to Interrogatory No. 2 above. That response is incorporated herein by reference.

8.  Please state with particularity each and every defense that you or your attorneys intend to present on your behalf at the trial of this case not otherwise shown in the defensive pleadings, regardless of whether such defenses are legal, equitable, factual, negative or affirmative, and please state each and every fact forming the basis of said defense, the full name, address and phone number of all witnesses known to you or your attorneys with knowledge of such facts, and identify all documents known to you or your attorneys which pertain or relate in any manner to said defense, and identify by name, address and phone number the custodian of every document identified by you in response to this Interrogatory.

**RESPONSE:**   OBJECTION. This Interrogatory is overly broad, impermissibly vague, seeks to invade the mental impressions and work product of the defendant's attorneys and calls for the defendant, a medical institution, to express legal opinions regarding legal defenses.

9.  If you contend that the Plaintiff was in any way negligent, please list each and every act of the Plaintiff which you contend was a proximate, concurring or

contributing cause of the injury to the Plaintiff whether or not you consider such act as negligence.

**RESPONSE:**   OBJECTION. The defendant cannot determine whether the reference to "Plaintiff" seeks to identify Jones, Davis and Stewart or, alternatively, whether the Interrogatory seeks to identify the plaintiffs' decedent. Without waiving this objection, discovery is in it's earliest stage in this case and the defendant has not yet had the opportunity to explore this issue fully.

10.    Identify all policies of insurance, including but not limited to professional liability and umbrella insurance, which do or may provide coverage for claims asserted in Plaintiffs' Complaint, and for each such policy please state:

   a. the named insured on each such policy;
   b. the policy number of each such policy;
   c. the name of each insurance company which issued a policy;
   d. the limits of liability and the types of coverage provided under each applicable liability policy; and
   e. whether any reservation of rights or denial of coverage has been made.

**RESPONSE:**   GLH is self insured for this claim.

11.    Describe with sufficient particularity to permit you to respond to a request for Production of Documents, all documents, records, writings or memoranda known to you which relate to any nursing or medical care, treatment or diagnosis or to any communication regarding Plaintiff, and state the name, address and telephone number

7

of the custodian of all such documents.

**RESPONSE:** Medical records maintained by GLH regarding Ms. Davis' admission to the emergency room and transfer at the time in question are identified in response to this Interrogatory.

12. Did you or any of your representatives obtain any statements from you, the Plaintiff or any other person regarding any of the events or happenings that occurred pertaining to this incident which forms the basis of the Complaint against you in this action? If so, identify each statement by specifying the date on which it was taken, the name, address, business address, job title, and business and home telephone numbers of each person who gave the statement, took the statement, was present when the statement was given, or has present custody or possession of the statement. Furthermore, state whether the statement was handwritten, typewritten, signed, and/or taken by a recording device, a court reporter or a stenographer.

**RESPONSE:** No statements have been obtained from any person by the defendant. With regard to the defendant's attorneys, the defendant objects and refuses to respond. Without waiving this objection, no written or recorded statements have been obtained by defense counsel.

13. Please describe with particularity how you contend Plaintiff Lillian Stewart Davis suffered injury on January 4, 2024.

8

**RESPONSE:**    Ms. Davis' medical records indicate that she was admitted to the emergency room at GLH suffering with various medical conditions. There is no reference to an injury.

14.    Identify all lawsuits in which you have been named a defendant in the last ten (10) years by giving the name of the plaintiff, the date the Complaint was filed, the Court in which the complaint was filed, a brief description of the basis of the lawsuit and the disposition or status of the action.

**RESPONSE:**    OBJECTION. This Interrogatory is overly broad, impermissibly vague and seeks information having no relevance to the subject matter of this case.

15.    Please identify the Electronic Medical Records system used at the time that Lillian Stewart Davis was treated by Defendant, including the name, manufacturer, and version of the system.

**RESPONSE:**    The Electric Medical Records system used at the time of Ms. Davis' treatment was a Cerner-Soarian System.

16.    When did you first anticipate litigation in this matter, stating the reason why you anticipated litigation?

**RESPONSE:**    OBJECTION. The defendant is a medical institution. This Interrogatory does not address the expectations of any particular individual within the institution. Without waiving this objection, the defendant references the Notice of

9

Claim provided by Plaintiffs' counsel.

17.    Describe any training or education provided to hospital staff on airway management, sepsis protocols, and escalation of care, including the last date on which such training was conducted before January 2024.

**RESPONSE:**   OBJECTION. This Interrogatory is overly broad and impermissibly vague in that "hospital staff" is not defined, nor is there any definition provided regarding airway management, sepsis protocols and/or escalation of care.

18.    Identify all hospital staff present at any time during Ms. Davis' care who had responsibility for airway management, respiratory therapy, or critical care.

**RESPONSE:**   Please see our objection to Interrogatory No. 17 above. That objection is adopted herein by reference. Without waiving said Objection, see response to Interrogatory No. 2.

19.    Identify any disciplinary actions, performance reviews or complaints related to airway management failures, intubation delays, or sepsis treatment concerning any staff involved in Ms. Davis' care in the last five years.

**RESPONSE:**   OBJECTION. This Interrogatory is overly broad, impermissibly vague, seeks information having no relevance to the issues in this case and seeks to invade the privacy of multiple unnamed hospital "staff".

20.    Explain in detail why Ms. Davis was not transferred to a higher-level

facility sooner, despite her worsening condition. Identify the individuals responsible for making or approving transfer decisions, including any discussions or recommendations for transfer that were not followed.

**RESPONSE:** OBJECTION. This Interrogatory is argumentative. Without waiving said objection, the defendant would state that efforts to transfer Ms. David began when it became apparent that she would need care beyond the scope of that available at GLH. Dr. Scott Johnson initiated the transfer efforts.

21.  Did any member of the medical team request additional assistance, consultation, or intervention regarding Ms. Davis' deteriorating condition? If so, state when, to whom, and the response received.

**RESPONSE:** OBJECTION. This Interrogatory is overly broad and impermissibly vague. Without waiving said objection, Dr. Scott Johnson initiated transfer efforts when it became obvious that Ms. Davis would require care beyond the scope of that available at GLH.

22.  Describe the chain of command and escalation procedures at Greenwood Leflore Hospital when a patient exhibits signs of respiratory failure. State whether these procedures were followed in Ms. Davis' case.

**RESPONSE:** OBJECTION. This Interrogatory is not in proper form. Chain of Command policies and procedures at GLH are not specific to respiratory failure.

Without waiving said objection, the defendant would state that it is unaware of any effort to initiate Chain of Command activity in this case, or any reason to do so.

23.    Please state whether the hospital has been accredited by any national or state accrediting body within the past ten (10) years, including but not limited to the Joint Commission (TJC), the Accreditation Commission for Health Care (ACHC), the Healthcare Facilities Accreditation Program (HFAP), or any other accrediting entity. If so, please provide the following:

a. The name of each accrediting organization that has accredited the hospital within the past ten (10) years.

b. The dates of accreditation and renewal for each accreditation received.

c. A description of any conditions, deficiencies, or corrective actions required by the accrediting body during the accreditation process.

d. Copies of the hospital's most recent accreditation certificates and related reports.

e. Whether the hospital has ever been placed on probation, received a deficiency finding, or had accreditation suspended or revoked in the past ten (10) years, and if so, provide details of the findings and corrective actions taken.

**INSTRUCTIONS:** If the hospital has never been accredited or has lost

12

accreditation at any time, please state so explicitly and provide the reasons for such loss or failure to obtain accreditation.

**RESPONSE:**   OBJECTION. This Interrogatory is overly broad, impermissibly vague and seeks information which is not relevant to any issue in this case. Without waiving said objection, Greenwood Leflore Hospital was licensed by CMS through MSDH Survey on June 3-4, 2024.

24.   State whether Greenwood Leflore Hospital has preserved all medical records, incidents, reports, and internal communications related to Ms. Davis' treatment, as required by the litigation hold notice. If any records have been lost, altered, or destroyed, explain the circumstances.

**RESPONSE:**   OBJECTION.   This Interrogatory is overly broad and impermissibly vague as to "internal communications". As previously stated the defendant has preserved Ms. Davis' medical records in the hospital's electronic medical system. The defendant is unaware that any medical records have been lost, improperly altered or destroyed.

THIS the ___16th___ day of July, 2025.

_Karen Upchurch_
KAREN UPCHURCH
DIRECTOR OF RISK MANAGEMENT

STATE OF MISSISSIPPI

COUNTY OF LEFLORE

THIS DAY personally appeared before me the undersigned authority at law in and for the State and County aforesaid the above named KAREN UPCHURCH, who after being by me first duly sworn, stated on her oath that the matters, facts and things set forth in the above and foregoing document are true and correct to the best of her knowledge and belief.

SWORN TO AND SUBSCRIBED before me on this the ___16th___ day of ___July___, 2025.

_____
NOTARY PUBLIC

My Commission Expires:

_July 5, 2026_
(S E A L)

STATE OF MISSISSIPPI
KRYSTAL SISNEY
NOTARY PUBLIC
Attala County
Commission Expires
July 5, 2026
COMMISSION NUMBER 32521

As to Objections:

_____
Tommie Williams, Jr.

OF COUNSEL:

Upshaw, Williams, Biggers
  & Beckham, LLP
P.O. Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662-455-1613
Facsimile: 662-453-9245
twilliamsjr@upshawwilliams.com
hpowers@upshawwilliams.com

14

## CERTIFICATE OF SERVICE

I, Tommie Williams, Jr., of counsel to these Defendants, hereby certifies that a copy of the above and foregoing pleading was this day forwarded to all counsel of record by depositing a copy of same via:

| | | | |
|---|---|---|---|
| ❑ | United States Mail | ❑ | Certified Mail |
| ❑ | Facsimile | | Hand Delivery |
| X | Email | | Overnight Mail |
| ❑ | ECF System | ❑ | |

Counsel served include:

Janessa Blackmon, Esq. - jeblackmon@blackmoncarr.com
Elizabeth Carr, Esq. - ecarr@blackmoncarr.com
BLACKMON CARR, LLC
682 Towne Center Blvd.
Ridgeland, MS 39157

Ed Blackmon - edblackmon@blackmonlawfirm.com
Blackmon & Blackmon, PLLC

THIS the __16__ day of July, 2025.

_____
TOMMIE WILLIAMS, JR.

C:\Users\cbrown\OneDrive - Upshaw Law Office\Greenwood Data\Tommie Williams Sr\MED-MAL\GLH\Davis, Lillian\3. Pleadings\Draft Pleadings\GLH Response to First Interrogatories.wpd