## IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

**DIETRICHE S. JONES, BRANDON DAVIS,**
**ANTOINETTE STEWART, the Wrongful Death Beneficiaries of**
**LILLIAN STEWART DAVIS, Deceased**                                    **PLAINTIFFS**

**VS.**                                                **CAUSE NO. 2025-0015-CICI**

**GREENWOOD LEFLORE HOSPITAL,**
**RICHARD SCOTT JOHNSON, PLLC,**
**RICHARD S. JOHNSON, MD**
**TIMOTHY LAMB, DO AND**
**JOHN/JANE DOES 1-20**                                              **DEFENDANTS**

### ANSWER AND DEFENSES OF DEFENDANT
### GREENWOOD LEFLORE HOSPITAL

COMES NOW the Defendant, Greenwood Leflore Hospital,("Defendant"), by and through

counsel, and file its Answer to the Plaintiff's Complaint, showing unto the Court the following:

### FIRST DEFENSE

The Complaint filed herein fails to state a claim or cause of action against the Defendant and

it must be dismissed.

### SECOND DEFENSE

The Defendant invokes the protections afforded pursuant to the provisions of § 85-5-7, *Miss.*

*Code Ann.*

### THIRD DEFENSE

The Defendant affirmatively pleads all of the protections and limitations afforded pursuant

to the provisions of the Mississippi Medical Malpractice Tort Reform Acts including, specifically,

the caps on damages contained therein.

**FILED**
LEFLORE COUNTY
04/23/25
DATE
JOHNNY L. GARY, JR., CIRCUIT CLERK
BY: _____ D.C.

### FOURTH DEFENSE

Pending completion of discovery, the defendant reserves the right to offer proof that the injury to plaintiff's decedent, if any, occurred as a result of pre-existing, unpreventable medical causes and/or conditions which it could not have prevented.

### FIFTH DEFENSE

Pending completion of discovery, the defendant reserves the right to offer proof, that its actions herein do not constitute a legal proximate cause of the injuries incurred by the plaintiff's decedent. In that case, the defendant would state that the decedent's injuries resulted from events, actions and medical complications completely separate, distinct and unrelated to any alleged act or omission by this defendant.

### SIXTH DEFENSE

Pending completion of discovery, the defendant reserves the right to offer proof, if such is discovered, that the decedent's injuries, if any, occurred as a result of the acts or omissions of others for whom this defendant is not legally liable. The defendant would then aver that said injuries occurred as a result of independent, unforeseeable, superceding and intervening causes unrelated to the actions of this defendant and for which this defendant is not legally responsible. Alternatively, the defendant states affirmatively that the actions of said third persons proximately contributed to the decedent's alleged injuries and must, therefore, result in a reduction of any allowable damages in direct proportion to the amount of fault allocated to said persons in accordance with Mississippi law.

### SEVENTH DEFENSE

If there are persons having subrogation interests or interests by assignment, whether by

2

contract or by law, which create a lien arising out of said parties payment of medical expenses to or on behalf of Plaintiff's or their decedent, then there is a failure to join such necessary parties pursuant to Rules 12, 17 and 19 *M.R.C.P.*

## EIGHTH DEFENSE

The Defendant incorporates by reference those affirmative defenses enumerated in Rule 8 *M.R.C.P.*, including accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; discharge and bankruptcy; duress; estoppel; failure of consideration; failure to mitigate damages; fraud; illegality; injury by fellow servants; latches; license; payment; pre-existing injuries or damages; release; *res judicata*; statute of frauds; statute of limitations; waiver; and any other matter constituting an avoidance or affirmative defense that may be applicable based upon the facts of this case as those facts are or as they may be more fully developed through discovery. In the event further investigation or discovery reveals the applicability of any such defenses, the defendant reserves the right to amend this answer as necessary. Such defenses are raised herein for the specific purpose of not waiving any such defense.

## NINTH DEFENSE

The Defendant further raises and invokes all the defenses available to it as set forth in Rule 12(b)(1)-12(b)(7) *M.R.C.P.* for which a good faith legal or factual basis exists, or may hereafter be discovered.

## TENTH DEFENSE

The Defendant pleads the protections of *Miss. Code Ann.* § 15-1-36(2) and § 15-1-36(15).

## ELEVENTH DEFENSE

The Defendant pleads the protections of *Miss. Code Ann.* § 11-1-58 and § 97-9-11.

## TWELFTH DEFENSE

The Defendant pleads the protections of *Miss. Code Ann.* § 11-1-60, 11-1-65, and 11-71-7.

## THIRTEENTH DEFENSE

The plaintiff's claims may be barred by the applicable statute of limitations.

## FOURTEENTH DEFENSE

Pending completion of discovery, the defendant reserves the right to offer proof, if such is discovered, that the plaintiff' decedent failed to exercise reasonable care to protect her health and safety and that such negligence constitutes the sole proximate cause of any injuries and damages, or alternatively, that the plaintiff may have been contributorily or comparatively negligent and that her actions may have proximately caused or contributed to her injuries.  Therefore, her actions must result in a reduction of any allowable damages in direct proportion to the amount of fault attributed to her in accordance with Mississippi law.

## FIFTEENTH DEFENSE

The Defendant denies each and every allegation of the Complaint not specifically admitted herein.

## SIXTEENTH DEFENSE

The conduct of this Defendant or any persons for whom it may be liable does not constitute a legal or proximate cause of any injuries, damages or losses allegedly suffered by the plaintiffs or their decedent. In the alternative, the defendant reserves the right to offer proof any such damages are the result of independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of these defendants for which they are not legally responsible.

4

## SEVENTEENTH DEFENSE

If it is determined that the plaintiffs have made any form of recovery by way of judgment, settlement or otherwise for any part of the alleged injuries or damages, the defendant claims the benefit of such recovery by way of set-off payment, credit, recoupment, accord and satisfaction, or otherwise.

## EIGHTEENTH DEFENSE

The Defendant invokes all other statutory and common law defenses and immunities available to it.

## NINETEENTH DEFENSE

The plaintiffs or their decedent may have failed to mitigate any damages in accordance with Mississippi law.

## TWENTIETH DEFENSE

The Defendant reserves the right to amend this Answer, including the ability to assert any additional Affirmative Defenses, as additional facts are gathered herein.

## ANSWER

AND now, responding to the allegations of the Complaint, paragraph -by- paragraph, the Defendant would show unto the Court the following:

## PARTIES, JURISDICTION AND VENUE

1-4. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶¶1-4 of the Complaint, and therefore deny same.

5-9. The Defendant admits the allegations contained in ¶¶5-9 of the Complaint.

10. The Defendant admits only that Richard S. Johnson, M.D. and Timothy Lamb, D.O.

were employed by Greenwood Leflore Hospital in the time period relevant to the allegations of the

Complaint. The Defendant denies that Defendant Richard Scott Johnson, PLLC was employed by

Greenwood Leflore Hospital at time periods relevant to the Complaint. All remaining allegations

contained in ¶10 are denied.

11.    The allegations contained in ¶11 are not directed at this Defendant, and therefore no

response is required from this Defendant; to the extent the allegations contained in ¶11 are directed

at this Defendant, it denies all allegations contained in ¶11.

12.    Denied.

13.    Admitted.

14.    Admitted.

15.    Denied.

16.    Denied.

17.    Admitted.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Denied.

22.    Denied.

23.    Admitted.

24.    Admitted.

25-29.    The allegations contained in ¶¶25-29 are not directed at this Defendant, and therefore

no response is required from this Defendant; to the extent the allegations contained in ¶¶25-29 are

6

directed at this Defendant, this Defendant denies same.

30. The Defendant denies the allegations contained in ¶30, and specifically denies that it was guilty of any negligence or actionable conduct a alleged in the Complaint.

31. The allegations contained in paragraph ¶31 are not directed at this defendant, and therefore no response is required for this Defendant; to the extent that the allegations contained in ¶31 are directed against this Defendant, this Defendant denies all such allegations.

32. Denied.

33. Denied.

34. The Defendant admits only that Lillian Davis was a patient at Greenwood Leflore Hospital and received treatment at Greenwood Leflore Hospital in Greenwood, Mississippi in the time period alleged in the Complaint, as reflected in her medical records. This Defendant denies all remaining allegations contained in ¶34 and deny that it was guilty of any negligence or actionable conduct as alleged in the Complaint.

## COMPLIANCE WITH STATUES

35. This Defendant would admit only that it received a Notice of Claim letter from counsel for Plaintiffs. All remaining allegations contained in ¶35 are denied.

36. This Defendant admits only that a document styled "Certificate of Compliance" was attached to the Complaint. All remaining allegations contained in ¶36 are denied.

## NATURE OF THIS ACTION

37. This Defendant admits only that Lillian Stewart Davis was a patient at Greenwood Leflore Hospital on January 3, 2024. All remaining allegations contained in ¶37 are denied.

38. This Defendant lacks knowledge and information sufficient to form a belief as to the

truth of the allegations contained in ¶38, and therefore denies same.

39.    To the extent the allegations contained in ¶39 are construed as allegations of negligence against this Defendant, the Defendant denies all such allegations, and further deny that it was guilty of any negligence or actionable conduct as alleged in the complaint.

40.    The allegations contained ¶40 are not directed at this Defendant, and therefore no response is required from this Defendant; to the extent the allegations contained in ¶40 are to be construed as allegations of negligence against this Defendant, this Defendant denies same and denies that they are guilty of any negligence or actionable conduct as alleged in the Complaint.

## Factual Summary

41-45.    This Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶¶41-45, and therefore denies same.

46-48.    Responding to the allegations contained in ¶¶46-48, this Defendant admits only that Lillian S. Davis presented to the After Hours Care Clinic on January 2, 2024, and that she received medical care and treatment at the After Hours Care Clinic as is reflected in the medical records maintained by the After Hours Care Clinic and Greenwood Leflore Hospital, and that the care provided to her is best detailed in the patient's clinic and hospital charts. This Defendant denies each and every allegation contained in ¶¶46-48 which is not admitted hereinabove, and further denies that it was guilty of any negligence or actionable conduct as alleged in the Complaint. All remaining allegations contained in ¶¶46-48 are denied.

49-53.    Responding to the allegations contained in ¶¶49-53, this Defendant admits only that Ms. Davis was transported by Pafford EMS from her home to Greenwood Leflore Hospital on January 3, 2024, and the medical care and treatment she received is reflected by the medical records

maintained by Pafford EMS and is best detailed in the patient's EMS and hospital charts. This Defendant denies each and every allegation contained in ¶¶49-53 which is not admitted hereinabove, and further denies that it was guilty of any negligence or actionable conduct as alleged in the Complaint. All remaining allegations contained in ¶¶49-53 of the Complaint are denied.

54.    This Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶54, and therefore denies same.

55-85.    Responding to ¶¶55-85 of the Complaint, this Defendant admits only that Ms. Davis was a patient at Greenwood Leflore Hospital on January 3 and January 4, 2024, where she received medical care and treatment at Greenwood Leflore Hospital as is reflected in the medical records maintained by Greenwood Leflore Hospital, which is best detailed in the patient's hospital chart. This Defendant denies each and every allegation contained in ¶¶55-85 of the Complaint which are not admitted hereinabove, and further denies that it was guilty of any negligence or actionable conduct as alleged in the Complaint. All remaining allegations contained in ¶¶55-85 of the Complaint are denied.

### GENERAL NOTICE OF CLAIMS

*Claim 1 - Professional Negligence: Dr. Lamb and Corporate Defendants*

86.    Defendant incorporates by reference all defenses and preceding paragraphs of this Answer.

87-89.    This Defendant admits the allegations contained in ¶¶87-89 of the Complaint.

90.    Denied.

91.    Denied.

92.    Denied.

93. Denied.

94. This Defendant admits only that the Defendant Timothy Lamb, D.O., was an employee of Greenwood Leflore Hospital on January 3 and January 4, 2024. This Defendant denies all remaining allegations contained in ¶94 and again deny that it was guilty of any negligence or actionable conduct as alleged in the Complaint.

95. Denied.

*Claim 2 - Professional Negligence: Dr. Johnson and Corporate Defendants*

96. The Defendant incorporates by reference all defenses and preceding paragraphs of this Answer.

97-99. The Defendant admits the allegations contained in ¶¶97-99 of the Complaint.

100. Denied.

101. Denied.

102. Denied.

103. Denied

104. The Defendant admits only that the Defendant Richard S. Johnson, M.D., was an employee of Greenwood Leflore Hospital on January 3 and January 4, 2024. The Defendant denies all remaining allegations contained in ¶104, and again denies that it was guilty of any negligence or actionable conduct as alleged in the Complaint.

105. Denied.

106. Denied.

*Claim 3 - Professional Negligence: Nursing Staff and Corporate Defendants*

107. The Defendant incorporates by reference all defenses and preceding paragraphs of this

Answer.

108-110.    The Defendant admits the allegations contained in ¶¶108-110 of the Complaint.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

117-118.    Denied as stated.

119.  Denied.

120.  Denied.

121.  Denied.

122.  Denied.

123.  Denied.

124.  Denied.

125.  Denied.

126.  Denied.

127.  The Defendant  admits only that the nursing personnel providing care to Lillian S. Davis were employees of Greenwood Leflore Hospital on January 3 and January 4, 2023. The Defendant denies all remaining allegations contained in ¶127, and again deny that it was guilty of any negligence or actionable conduct as alleged in the Complaint.

128.  Denied.

*Claim 4 - Administrative Negligence: Corporate Defendants*

129. The Defendant incorporates by reference all defenses and preceding paragraphs of this Answer.

130-133.    The Defendant states that the allegations contained in ¶¶130-133 are statements of law, to which no response is required from this Defendant; to the extent the allegations contained in ¶¶130-133 incorrectly state the law applicable to this case, such allegations are denied, and this Defendant again denies that it was guilty of any negligence or actionable conduct as alleged in the Complaint.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied, including each and everyone of its subparagraphs (a)-(d).

141. Denied.

142. Denied.

143. Denied.

144. Denied.

*CAUSES OF ACTION FOR WRONGFUL DEATH BY PLAINTIFFS*

145. The Defendant incorporates by reference all defenses and preceding paragraphs of this Answer.

146.   Denied, including each and everyone of its subparagraphs (a)-(w).

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

## UNCONSTITUTIONALITY OF MISS. CODE

153.   The Defendant incorporates by reference all defenses and preceding paragraphs of this Answer.

154.   Denied.

## DAMAGES

155.   The Defendant incorporates by reference all defenses and preceding paragraphs of this Answer.

156.   Denied.

157.   Regarding that unnumbered paragraph beginning with **"WHEREFORE, PREMISES CONSIDERED,"** the Defendant denies that Plaintiff's are entitled to any damages from this Defendant, and again denies that it was guilty of any negligence or actionable conduct as alleged in the Complaint.

158.   All allegations not heretofore admitted in the Plaintiffs' Complaint are denied.

159.   Pursuant to statute, Greenwood Leflore Hospital is entitled to a bench Trial and not Trial by Jury.

160. Pursuant to statute, the Plaintiffs cannot recover punitive damages, attorney fees or pre-judgment interest from Greenwood Leflore Hospital.

And now, having answered fully, Greenwood Leflore Hospital again denies that its employees were guilty of any negligent act or omission whatsoever in these premises. The Defendant denies that its employees caused or contributed to any injuries or damages allegedly sustained by the Plaintiffs. The Defendant denies that the Plaintiffs are entitled to recover any damages whatsoever in this action.

WHEREFORE, PREMISES CONSIDERED, Greenwood Leflore Hospital moves the Court for an Order of Dismissal, with Prejudice, at the cost of the Plaintiffs.

RESPECTFULLY SUBMITTED this the 25th day of April, 2025.

UPSHAW, WILLIAMS, BIGGERS,
& BECKHAM, LLP

Tommie G. Williams, Jr., Esq. (MBN 102652)
Harris F. Powers III, Esq. (MBN 100331)
*of Counsel for Defendants*

14

OF COUNSEL:

Upshaw, Williams, Biggers
  & Beckham, LLP
P.O. Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662-455-1613
Facsimile: 662-453-9245
twilliamsjr@upshawwilliams.com
hpowers@upshawwilliams.com

## CERTIFICATE OF SERVICE

I, Tommie Williams, Jr., of counsel to these Defendants, hereby certifies that a copy of the above and foregoing pleading was this day forwarded to all counsel of record by depositing a copy of same via:

| | | | | |
|---|---|---|---|---|
| ❑ | United States Mail | ❑ | Certified Mail |
| ❑ | Facsimile | ❑ | Hand Delivery |
| ✓ | Email | ❑ | Overnight Mail |
| ❑ | ECF System | ❑ | |

Counsel served include:

Janessa Blackmon, Esq. - jeblackmon@blackmoncarr.com
Elizabeth Carr, Esq. - ecarr@blackmoncarr.com
BLACKMON CARR, LLC
682 Towne Center Blvd.
Ridgeland, MS 39157

THIS the 25th day of April, 2025.

_____
TOMMIE G. WILLIAMS, JR.

C:\Users\cbrown\OneDrive - Upshaw Law Office\Greenwood Data\Tommie Williams Sr\MED MAL\GLH\Davis, Lillian\3. Pleadings\Draft Pleadings\Answer to Complaint.wpd