**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

IN RE:      **GREENWOOD LEFLORE HOSPITAL   CASE NO.    26-11337-SDM**
            **INSTITUTE, PLLC**

            **DEBTOR                                CHAPTER   9**

---

**UNITED STATES TRUSTEE'S RESPONSE TO DEBTOR'S**
**MOTION FOR DETERMINATION THAT APPOINTMENT OF PATIENT CARE**
**OMBUDSMAN IS UNNECCESSARY**

---

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this Response to Debtor's, Motion for Determination that Appointment of Patient Care Ombudsman is Unnecessary (DKT. #18), and in support thereof respectfully submits the following:

1.      The Bankruptcy Code requires the court to appoint an ombudsman "to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients." 11 U.S.C. § 333 (2005); Fed. R. Bankr. P. 2007.2.

2.      In its Motion, the Debtor cites to nine non-exclusive factors from *In re Alternative Family Care*, 377 B.R. 754 (Bankr. S.D. Fla. 2007). The Debtor then applies the factors to its own situation, leading to the Debtor's conclusion, based on its own analysis, that no patient care ombudsman is necessary in this case.

3.      The UST avers that the Debtor's contentions, on their own, are insufficient evidence to prove that a patient care ombudsman is not necessary. At the hearing on this matter, the Debtor has the burden to provide testamentary and documentary evidence to the court regarding all factors that may impact the patient care quality throughout the pendency of this case.  These

factors include (1) the quality of the debtor's existing patient care; (2) the debtor's financial ability to maintain high-quality patient care; and (3) the existence of an internal ombudsman program to protect the rights of patients or of oversight by federal, state, local or professional association programs. *In re Hyperion Found., Inc.*, No. 08-51288-NPO, DKT. #260, p. 3 (Bankr. S.D. Miss. filed Aug. 5, 2008). The UST avers that mere compliance with state and federal regulatory requirements does not, by itself, excuse the appointment of a patient care ombudsman.

4.      If the Court does find that the appointment of a patient care ombudsman is not necessary at this time, the UST requests that should the Debtor experience any negative trend that precipitates the appointment of a patient care ombudsman at a later time, the Court, upon a motion from the UST or a party in interest, shall reconsider the appointment. *See* Fed. R. Bankr. P. 2007.2(b).

WHEREFORE, PREMISES CONSIDERED, the United States Trustee prays that his Response to the Debtor's Motion for Waiver of Patient Care Ombudsman be received and filed. The United States Trustee also prays for general relief to which entitled in these premises.

RESPECTFULLY SUBMITTED, this the 28th day of April 2026.

> DAVID W. ASBACH
> Acting United States Trustee
> Region 5, Judicial Districts of
> Louisiana and Mississippi

> By:   */s/Steven Usry*
> STEVEN USRY

STEVEN USRY (MSB #100922)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI  39201
TEL: (601) 965-5247
EMAIL: steven.usry@usdoj.gov

## CERTIFICATE OF SERVICE

I, Steven Usry, do hereby certify that a copy of the foregoing pleading has been served

this day on the below named individual(s) via first class U.S. Mail at the address listed below or

by Notice of Electronic Filing via the email address on file with the court's CM/ECF system:

Douglas C. Noble
*Counsel for Debtor*

DATED, this the 28th day of April 2026.

/s/ Steven Usry
STEVEN USRY