**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | |
| GREENWOOD LEFLORE HOSPITAL | ) | Case No. 26-11337-SDM |
| | ) | Chapter 9 |
| Debtor. | ) | |
| | ) | |

**RESPONSE TO RICK CLEM'S MOTION FOR RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)
AND FOR DETERMINATION THAT SELF-INSURANCE TRUST FUNDS
<u>ARE NOT PROPERTY OF THE DEBTOR</u>**

COMES NOW Greenwood Leflore Hospital, a public community hospital ("**GLH**" or the

"**Debtor**"), and files this *Response* (the "**Response**") to the *Motion for Relief from the Automatic Stay*

*Pursuant to 11 U.S.C. § 362(d)(1) and for Determination that Self-Insurance Trust Funds Are Not*

*Property of the Debtor* [Dkt. #23] (the "**Motion**") filed herein by Rick Clem (the "**Movant**").  In

support of the Response, the Debtor shows as follows:

1.      GLH filed its Voluntary Petition under Chapter 9 of the United States Bankruptcy

Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**").

2.      GLH remains in possession of its property and continues to operate its business.

No examiners or committees have been appointed in this case.

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A),

(B) and (G) and 1334(a).  Venue of this case is proper in this Court pursuant to 28 U.S.C. § 1408.

4.      GLH is, as asserted in the Motion, self-insured and maintains a separate trust for

insuring against liability and malpractice claims of the type asserted by Movants.  The claims

trust is required by the Mississippi Tort Claims Act, is funded, maintained and approved in

accordance with the requirements set forth therein by the Mississippi Tort Claims Board. GLH has no excess insurance or other collateral source available to pay tort claims.

5. None of the averments relating to the Mississippi Tort Claim Act and the funds is disputed in that said funds are held separately in trust for tort claimants. GLH understands that Movants desire to liquidate their claims as quickly as possible, as do all other similarly situated tort claimants.

6. GLH has multiple tort claims that are in various stages of liquidation, from cases that have been settled to cases yet to be filed. The funds in the claims trust are finite and limited, and the trust funds need to be managed efficiently in order to provide the best opportunity for recovery to claimants determined to have valid claims.

7. All litigation costs (attorneys' fees, expert fees, litigation costs) are all paid from these funds, so granting Movants and all tort claimants relief from the stay poses a real and tangible prejudice to all tort claimants, some more than others. The Motion is one of two currently filed, and other claimants have inquired and discussed their stated concerns about losing out on the race to get to the funds in the claims trust.

8. GLH has requested that its defense counsel and its plan administrator (a) review all known claims, (b) review the amounts held in trust and (c) determine how to maximize use of those funds through a proposal for treatment in a plan of adjustment for the benefit of all tort claimants without unnecessarily wasting the funds. GLH desires a solution for all tort claimants that provides for the most efficient resolution of tort claims and use of funds in the claims trust. GLH needs the protection of the automatic stay and the time it affords to do that.

9. GLH expects to formulate and propose a plan of adjustment quickly. Included in that plan will hopefully be a proposal for treatment of tort claims and efficient administration of

2

the claims trust.  GLH needs the opportunity to formulate its plan of adjustment and the corresponding solution for treatment of tort claims.

10.     GLH requests that the Court deny the Motion at this time without prejudice to permit GLH time to work through its restructuring and, specifically, benefit from the opportunity to formulate a plan in the best interest of all claimants, including tort claimants whose sole recourse may only be to funds in the claims trust.  Lifting the automatic stay to reinstitute litigation of various tort claims gives rise to the types of distraction and unproductive effort that the automatic stay is intended to forestall.

11.     GLH requests that the Motion be held in abeyance for ninety (90) days, and if no plan of adjustment has been confirmed, or if circumstances have materially changed for Movants such that additional grounds for relief from the automatic stay arise, Movants can re-urge the Motion at that time.

12.     GLH submits that the Court should deny with prejudice all additional relief requiring discovery and scheduling deadlines.  Such relief is the province of the state court in which the tort claim is currently pending, and Movants plainly admit that this Court lacks jurisdiction to hear and determine their claims.  *See* Motion at ¶¶ 38-40.

WHEREFORE, PREMISES CONSIDERED, GLH respectfully requests that this Court, deny the Motion at this time and for such other relief as is just and appropriate.

3

THIS the 12th day of May, 2026.

Respectfully submitted,

**GREENWOOD LEFLORE HOSPITAL**

By: /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
Email: dnoble@mmqnlaw.com

4

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing pleading was filed electronically through the Court's CM/ECF system and served electronically on all parties enlisted to receive service electronically and were also served *via* electronic mail, on the following:

      Jonathan B. Fairbank
      P.O Box 13276
      Jackson, MS. 39236-3276
      E-Mail: jonfairbanklaw@gmail.com

SO CERTIFIED, this the 12th day of May, 2026.

          /s/ *Douglas C. Noble*