_____

**SO ORDERED,**



~Selene Maddox~

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREENWOOD LEFLORE HOSPITAL | ) | Case No. 26-11337-SDM |
| | ) | Chapter 9 |
| Debtor. | ) | |
| | ) | |

### STIPULATION AND ORDER WITH CITY OF GREENWOOD UTILITIES
### FOR ADEQUATE ASSURANCE OF PAYMENT FOR
### POST PETITION UTILITY SERVICES PURSUANT 11 U.S.C. § 366

IT IS HEREBY STIPULATED AND AGREED between Greenwood Leflore Hospital, a public community hospital ("GLH"), the above-captioned debtor herein, and the City of Greenwood Utilities Commission (the "Utility"), executed as of May 6, 2026.

### FACTUAL BACKGROUND

WHEREAS, on April 15, 2026 (the "Petition Date"), GLH filed a voluntary petition under to Chapter 9 of the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

WHEREAS, no committee has been appointed to date.

WHEREAS, Utility supplies electric and water utility services to GLH under multiple different accounts.

WHEREAS, Utility is a "utility" within the meaning of and is entitled to adequate assurance of payment pursuant to § 366 of the Bankruptcy Code.

WHEREAS, Utility's provision of utility services to GLH and GLH's consumption of such utility services were and continue to be made pursuant to the terms set forth in Utility invoices and the applicable rules, regulations and laws governing provision of public utility services.

WHEREAS, Utility continues to provide utility services to GLH that are essential to GLH's continued business operations.

WHEREAS, Utility and GLH have reached an agreement on adequate assurance of payment under § 366 that is satisfactory to both parties and is set forth in full hereinbelow.

## **AGREEMENT**

NOW, THEREFORE, the parties agree as follows:

1.      **Incorporation.**  The foregoing recitals are incorporated by reference.

2.      **Adequate Assurance of Payment.**  As assurance of payment for utility services provided after the Petition Date and during the above case, GLH shall provide to Utility a deposit in the amount of $80,000 (the "Deposit") within fourteen (14) days from the date of approval by the Bankruptcy Court of this Stipulation.  Unless otherwise agreed, GLH shall be entitled to the return of the entire Deposit, plus any applicable interest, after all final invoices have been paid in full; provided, however, that GLH shall not be entitled to any portion of the Deposit, nor any interest, that Utility applies to satisfy the amount of any unpaid past-due invoices for post-

2

petition services provided, and Utility shall be permitted to apply the Deposit, plus applicable

interest, to said unpaid post-petition invoices and shall refund the excess, if any, to GLH.

3.      **Payment for Future Utility Services.**  As further assurance, GLH shall timely

pay in full (a) amounts due and owing for the monthly billing cycle ended April 30, 2026, and

(b) all invoiced amounts from Utility for all monthly post-petition billing periods thereafter.

Unless the parties otherwise agree in writing, all invoices to GLH for post-petition utility

services shall continue to be transmitted to the addresses used for invoices prior to the Petition

Date.

4.      **Termination Upon Non-Payment.**  If GLH fails to timely pay as and when due

any amount payable to Utility required hereunder (a "Default"), Utility shall have the right to

terminate all services to GLH provided that it first provides notice in writing to GLH in

accordance with this Stipulation of said Default and fourteen (14) days right to cure.  GLH shall

have the right to cure any such default by making an immediate payment to Utility of the

amounts then due and owing (the "Cure Payment"), or as may be otherwise agreed to by Utility,

prior to the expiration of the aforementioned termination notice period.  In the event that GLH

makes such a timely Cure Payment, Utility shall have no right to terminate or suspend the

provision of services on account of the cured Default.

5.      **Non-Payment Entitled to Administrative Expenses**.  Notwithstanding anything

in this Stipulation to the contrary, Utility shall hold an allowed administrative claim under §

503(b) of the Bankruptcy Code for any amounts owed but unpaid for post-petition services.

6.      **Billing or Other Disputes**.  GLH may dispute Utility's determination of the

amount of any payment due under this Stipulation, and should Utility and GLH not resolve such

dispute within thirty (30) days after GLH has given written notice to Utility of such dispute,

GLH may file a motion in this Court for a determination of the proper amount of such payment.

Any payment made to Utility is without prejudice to GLH's right to recover any amount paid

which is in excess of the amount due and owing to Utility.

7. **Notices**. All notices, requests, demands, and other communications required

under this Stipulation shall be in writing and shall be deemed to have been duly given on the date

of service if served personally, by email, or by facsimile transmission; or on the third day after

mailing if mailed by first class mail, postage prepaid, and addressed to such party as follows:

If to Debtor:

> Greenwood Leflore Hospital
> Attn: Dawn Holmes
> 1401 River Road
> Greenwood, MS 38930
> Email: dholmes@glh.org

with copy to counsel to the Debtor:

> McCraney, Montagnet, Quin, and Noble PLLC
> Attn: Douglas C. Noble
> 602 Steed Road, Suite 200
> Ridgeland, Mississippi 39157
> Email:  dnoble@mmqnlaw.com

If to Utility:

> Greenwood Utilities Commission
> c/o Brian Finnegan, CEO
> 101 Wright Place
> Greenwood, Mississippi 38930
> brianf@greenwoodutilites.com

with copy to counsel to Utility:

> Watkins & Eager PLLC
> Attn: Jim F. Spencer, Jr.
> 400 East Capitol Street
> Jackson, Mississippi
> Email: jspencer@watkinseager.com

Any party may change its address by giving written notice to the other parties in the manner set forth.

8.      **Calculation of Notice Periods**.  Any notice provided pursuant to this Stipulation shall not expire on a Saturday, Sunday, or "legal holiday" within the meaning of Fed.R.Bankr.P.9006(a).  Any such notice period that would otherwise expire on a Saturday, or "legal holiday" shall be deemed to expire at 5:00 P.M. prevailing Central Time on the next day that is not a Saturday, Sunday, or "legal holiday".

9.      **No Prejudice**.  This Stipulation is made without prejudice to either party's right to request further relief from the Court relating to this Stipulation, adequate assurance under § 366 of the Bankruptcy Code or otherwise.  This Stipulation is not intended to affect any other rights or defenses of the parties under the Bankruptcy Code which are not inconsistent with the terms of this Stipulation.

10.     **Execution in Counterparts**.  This Stipulation may be executed in any number of counterparts and by the different parties to this Stipulation on separate counterparts, each of which, when so executed, shall be deemed an original, but all such counterparts shall constitute but one and the same Stipulation.

11.     **Jointly Drafted**.  The preparation of this Stipulation has been a joint effort of the parties and the resulting document shall not, solely as a matter of judicial construction, be construed more severely against one of the parties than the other.

12.     **No Third-Party Beneficiaries**.  The rights and benefits of this Stipulation shall not inure to the benefit of any third party.

13.     **No Assignment**. This Stipulation is not assignable.

14.   **Entire Agreement**.  This Stipulation constitutes the entire agreement between the parties concerning adequate assurance of payment for utility services provided during these bankruptcy cases and supersedes any and all prior agreements or understandings between them on such matters and may only be amended by a writing signed by the party against whom enforcement is sought.

15.   **Court Approval**.  Except as otherwise provided herein, this Stipulation is subject to and shall become binding upon the approval by the Court.

**         END OF ORDER      ****

Agreed and approved for entry:


/s/ *Jim F. Spencer, Jr.*
Counsel for City of Greenwood Utilities Commission


/s/ *Douglas C. Noble*
Counsel to Greenwood Leflore Hospital


Submitted by:

Douglas C. Noble, MS Bar No. 10526
**McCraney | Montagnet | Quin | Noble PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Facsimile:   (601) 510-2939
Email:  dnoble@mmqnlaw.com