## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    **GREENWOOD LEFLORE HOSPITAL**        **CHAPTER 11**
        **Debtor**                          **CASE NO. 26-11337-SDM**

---

**STATE OF MISSISSIPPI/DIVISION OF MEDICAID**        **PLAINTIFF**

**v.**        **ADV. PROC. NO. _____**

**GREENWOOD LEFLORE HOSPITAL**        **DEFENDANT**

## COMPLAINT

COMES NOW State of Mississippi/Division of Medicaid ("DOM"), and sues Greenwood Leflore Hospital (the "Defendant"), and in support thereof would respectfully show as follows unto this Honorable Court, to-wit:

1.    DOM is an agency organized and existing under and by virtue of the laws of the State of Mississippi.  Its executive director is Cindy H. Bradshaw ("Ms. Bradshaw").

2.    The Defendant is a Mississippi corporation organized and existing under and by virtue of the laws of the State of Mississippi, with its principal place of business in Greenwood, Mississippi.  It may be served with process by serving its registered agent, Douglas C. Noble, Esq.

### JURISDICTION AND VENUE

3.    This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334; 28 U.S.C. § 2201, et seq.; 11 U.S.C. §§ 105, 362, 363, 541, related statutes, related rules (especially Federal Rule of Bankruptcy Procedure 7001(i)) and various orders of reference.  This is a core proceeding.

### BACKGROUND

4.    An appeal of an administrative decision of the Division of Medicaid was commenced by the filing of a Notice of Appeal on November 10, 2025, in the Chancery Court of the First Judicial

District of Hinds County, Mississippi, Civil Action 25-cv-01314 (the "Chancery Case") by the Defendant as appellant, against the State of Mississippi/Division of Medicaid and Cindy Bradshaw as appellees. On the same date, the Defendant filed a Motion to Stay Recoupment seeking injunctive relief to prohibit DOM from recouping funds it owes the Defendant, "against" funds that the Defendant owes DOM.

5.     The Chancery Court entered its Memorandum Opinion on March 11, 2026, which purported to enjoin DOM from recouping funds it owes to the Defendant "against" funds owed by the Defendant to DOM, after certain administrative action had been taken. A copy of the Chancery Court's "Memorandum Opinion and the Court's Finding of Facts and Conclusions of Law on Appellant's Emergency Motion to Stay Recoupment" (the "Chancery Court Opinion") is attached, incorporated by reference, and marked as **Exhibit "A"**.

6.     The Chancery Court held that the Defendant was entitled to a stay of the recoupments as a matter of right pursuant to Miss. Code Ann. § 43-13-121(1)(j), and the Defendant was entitled to a stay pursuant to Rule 8(b)(1) of the Mississippi Rules of Appellate Procedure. Chancery Court Op., at p. 4. The Chancery Court held that the Defendant had met its burden for an injunction against DOM's recoupment efforts. First, the Defendant established a likelihood of success on the merits by showing that DOM's own Administrative Code permitted [Defendant] to appeal DOM's decision to deny [Defendant's] request for a revised MHAP recoupment schedule. Chancery Court Op, at p. 5. Second, the Defendant showed irreparable harm because without a stay, the Defendant faced an imminent closure. Chancery Court Op., at p. 6. Third, the public interest weighed in favor of a stay against DOM because Medicaid beneficiaries would be denied accessible and necessary medical services if the Defendant were to close. Chancery Court Op., at p. 7-8.

7.      The funds DOM sought to recoup are not routine ordinary claims payments for treatment of patients.  DOM continues to pay claims for medical services for patients who are Medicaid beneficiaries.  Rather, the funds DOM sought to recoup are funds that are part of a federally funded program called Mississippi Hospital Access Program known as MHAP.  A copy of a general description of MHAP is attached, incorporated by reference, and marked as **Exhibit "B"**, for the Court's benefit in considering the significant issues presented here.  This underscores the need for one court to oversee the bankruptcy reorganization and operations while considering, at the same time, Medicaid's interest in properly administering its MHAP obligations.

## THE CHANCERY COURT OPINION

8.      The Chancery Court Opinion is attached, incorporated by reference and marked as Exhibit "A."  The Chancery Court Opinion is related to SFY24 MHAP payments only.  A plain reading of the order reflects that it simply means DOM may not "recoup" current obligations it has in connection with administering MHAP "against" overpayments that have been made to, and received by, the Defendant.  A plain reading of the Chancery Court Opinion also reflects that there is no prohibition on DOM simply retaining the MHAP funds that the Defendant might otherwise be entitled to (and DOM uses the word "might" on purpose, because it is unclear as to whether or not the Defendant is entitled to MHAP, or related, funds) even in the absence of the overpayment/recoupment issues.

9.      A plain reading of the Chancery Court Opinion will reflect there is no prohibition or even mention of DOM simply withholding the funds as opposed to actions of recoupment that it engaged in prior to the entry of the Chancery Court Opinion.  However, this Complaint concerns the MHAP parameters for SFY26.

**REMOVAL OF THE CHANCERY CASE, MOTION TO REFER OR REMOVE THE CHANCERY CASE TO THIS HONORABLE COURT AND THE DEFENDANT'S MOTION TO REMAND THE CHANCERY CASE BACK TO THE STATE COURT**

10.    DOM removed the Chancery Case to the United States District Court for the Southern District of Mississippi, pursuant to the attached removal papers that are marked as collective **Exhibit "C"**. Shortly thereafter, DOM filed its motion in the district court case to refer that removed Chancery Case to this Honorable Court, pursuant to the attached motion to refer that is marked as **Exhibit "D"**.

11.    The Defendant has filed its motion to remand the district court civil action back to the chancery court.

**DECLARATORY JUDGMENT PREREQUISITES**

12.    DOM, in an effort to be transparent, has advised the Defendant it is considering withholding payment of the June MHAP funds for SFY26 from the Defendant. As noted in the district court moving papers, DOM is continuing to administer, evaluate and reimburse the Defendant for actual medical services rendered and will continue to do so, so long as the hospital remains open, absent further order of this, or some other, court with competent jurisdiction.

13.    The Defendant contends that withholding funds from the Defendant by DOM is a violation of the Chancery Court Opinion. DOM contends it has a right to withhold the funds, and that the Chancery Court Opinion did not concern SFY26 MHAP funds.

14.    Thus, there is an actual case or controversy that currently exists with respect to the diametrically opposed positions taken by DOM and the Defendant.

15.    This actual case and controversy is ripe for a decision pursuant to a declaratory judgment action and, because the Defendant is precariously close to closing its doors because of lack

of operating funds, an urgent situation exists justifying this Honorable Court in considering these issues at its earliest possible opportunity.

16.    In addition to opposing and objecting to the ability of DOM to simply withhold June MHAP payments for SFY26 [June is the last MHAP payment of the SFY26 rating period], the Defendant contends that there is no federal court with jurisdiction "over" DOM with respect to ordering it to comply with the Chancery Court Opinion, to authorize it to withhold payments (whether for SFY24 or SFY26) or to otherwise direct DOM's decision with respect to the MHAP funds that the Defendant claims are owed to it, which is obviously opposed by DOM, who asserts that this Honorable Court always has jurisdiction over property of the bankruptcy estate. The Defendant's claims against DOM for the SFY26 MHAP funds certainly involve property of the estate, as is all the cash that would be generated thereby.

17.    As a result, a case or controversy exists that is not likely to become moot at any point in the immediate future and is unlikely to be resolved amicably.

18.    DOM, accordingly, seeks a declaration from the Court with respect to whether or not it may withhold the SFY26 MHAP funds from the Defendant in light of the competing and conflicting claims asserted by, between and among DOM and the Defendant. In that regard, and in light of the pending events that may occur in this case, injunctive relief (mandatory or prohibitive) is appropriate on an emergency basis.

19.    DOM is ready, willing and able to tender, at the end of this month (when the MHAP funds are technically due), the SFY26 MHAP funds into the registry of the Court pending further order of the Court, which should alleviate any jurisdictional issue that may exist. Alternatively, because depositing funds in the registry of the Court is somewhat of an administrative burden, DOM is ready, willing and able to deposit the funds into an interest-bearing, escrow account subject to the

Court's further order as to disbursement (or not) of the SFY26 MHAP funds, and pending the Court's decision in this declaratory judgment action.

20.     In the event the Court sees fit to allow the Defendant to obtain the SFY26 MHAP funds and to disallow DOM's efforts to withhold payment, then the Court should carefully consider, DOM respectfully submits, exactly how those funds are spent and for what kind of expenses. In light of the pending plan of adjustment in this case, where, for the Defendant to survive, it will have to be purchased by the University of Mississippi Medical Center, only such expenses as are necessary to literally "keep the doors open" of the Defendant should be authorized to be spent from the MHAP funds, especially when considering that DOM is owed somewhere in the neighborhood of $10 million as a result of overpayments and lack of entitlements of the Defendant to the MHAP funds.

21.     DOM will initiate such additional pleadings, such as a motion for a preliminary injunction and/or to expedite consideration of this Complaint, in order to present these issues to the Court prior to the MHAP due date at the end of this month.

22.     This Complaint is filed in good faith, and represents DOM's considered and considerable efforts to bring this matter before this Honorable Court in as expeditious a manner as possible. DOM has considered seeking a "comfort order" regarding a lifting of the automatic stay, but that actually seeks an advisory opinion of the Court. As a result, DOM has elected to bring this issue to the Court via the declaratory judgment route which seems to be a much safer, and more traditional, route of seeking a somewhat advisory opinion from the Court.

WHEREFORE, PREMISES CONSIDERED, DOM respectfully prays that upon a hearing hereof, this Honorable Court will enter its decision determining and adjudicating whether the MHAP funds can be withheld by DOM or should be paid over to the Defendant; injunctive relief (prohibitive or mandatory) to accomplish the Court's ruling; and, if funds are to be paid over to the Defendant,

-6-

then what guardrails and safeguards will be put in place to adequately protect DOM's claims that are

of a significant amount. DOM prays for general relief.

THIS, the ___17th___ day of June, 2026.

Respectfully submitted,

STATE OF MISSISSIPPI/DIVISION OF MEDICAID

By Its Attorneys,

LAW OFFICES OF GENO AND STEISKAL, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Christopher J. Steiskal, Sr.; MSB No. 101654
LAW OFFICES OF GENO AND STEISKAL, PLLC
601 Renaissance Way, Suite A
Ridgeland, MS 39157
601-427-0048 - Telephone
601-427-0050 - Facsimile
cmgeno@cmgenolaw.com
csteiskal@cmgenolaw.com

-and-

Suzanne C. Hudson, Esq., MSB No. 103079
Laura M. Glaze, Esq., MSB No. 100625
Mississippi Division of Medicaid
550 High Street, Suite 1000
Jackson, MS 39201
T: 601-359-6462
Suzanne.Hudson@medicaid.ms.gov
Laura.Glaze@medicaid.ms.gov
N:\Firm Data\Users\Bankrupt\MS Division of Medicaid (Greenwood Leflore Bkcy)\Adv. Proc\v. GLH\Pleadings\Revised Complaint 6-15-26.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Steven D. Usry, Esq.
Office of the United States Trustee
steve.usry@usdoj.gov

Douglas C. Noble, Esq.
Dnoble@mmqnlaw.com

THIS, the _____ day of June, 2026.

_____
Craig M. Geno