---

**SO ORDERED,**



*Selene Maddox*

**Judge Selene D. Maddox**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## ABERDEEN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| GREENWOOD LEFLORE HOSPITAL | ) | Case No. 26-11337-SDM |
| | ) | Chapter 9 |
| Debtor. | ) | |
| | ) | |

## ORDER CONFIRMING PLAN OF ADJUSTMENT

THIS CAUSE came on for hearing before the Court on July 16, 2026 (the "**Confirmation Hearing**"), to consider confirmation of the *Plan of Adjustment* filed on June 7, 2026 [Dkt #50] (the "**Plan**"), by Greenwood Leflore Hospital ("**GLH**").[1]

THE COURT entered its *Order (I) Scheduling Hearings on (A) Adequacy of Disclosure Statement and (B) Confirmation of Plan of Adjustment; (II) Fixing Deadlines for Filing Objections to Disclosure Statement and to Plan of Adjustment; (III) Approving Solicitation Procedures, Voting Deadline and Form and Manner of Notice of Combined Hearing; (IV) Establishing Bar Dates for Filing of Proofs of Claim; and (V) Granting Related Relief* on June 9, 2026 [Dkt #56] (the "**Procedures Order**"), which, among other things, established deadlines for

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

1

casting votes on the Plan and the date and time of the Confirmation Hearing pursuant to § 1128 of the Bankruptcy Code and Bankruptcy Rule 3020.  The Court also entered its *Order Approving Disclosure Statement as Amended* [Dkt #70] approving the *Disclosure Statement* [Dkt #51] (the "**Disclosure Statement**") as containing adequate information pursuant to § 1125(b) of the Bankruptcy Code.

THE COURT, having considered the Plan, the *Certification and Tabulation of Ballots Cast on Chapter 9 Plan of Adjustment* [Dkt #73] (the "**Voting Certification**"), all evidence introduced and all statements and argument of counsel made at the Confirmation Hearing, the entire record in this case; and taking judicial notice of all pleadings and records filed with the Clerk of Court; and with good and sufficient cause having been shown by GLH, as proponent of the Plan, in support of confirmation thereof,

HEREBY FINDS AND CONCLUDES AS FOLLOWS:

A.	This order (the "**Confirmation Order**") constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

B.	The Court has jurisdiction over this case and confirmation of the Plan pursuant to 28 U.S.C. §§ 157 and 1334 and exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and the Court has the power and authority to enter a final order with respect thereto.  GLH consents to entry of this Confirmation Order on the terms and conditions set forth herein pursuant to § 904 of the Bankruptcy Code and to entry of any further orders as necessary or required to implement or enforce the provisions of the Plan, this Confirmation Order, and any and all related transactions.

C.      GLH is eligible to be a chapter 9 debtor under § 109(c) of the Bankruptcy Code.

*See Order (A) Approving Form and Publication of Noticing Required by 11 U.S.C. Section 923;*

*and (B) Establishing a Deadline and Procedures for Objections to Eligibility* [Dkt #29];

*Statement of Eligibility* [Dkt #5].[2]

D.      The Plan is dated and identifies GLH as the Plan proponent and was duly filed in

satisfaction of § 941 of the Bankruptcy Code Bankruptcy Rule 3016.  The Plan and Disclosure

Statement conspicuously reflect all acts, actions and persons subject to injunctions in the Plan as

required by Bankruptcy Rule 3016(c).

E.      GLH provided to all creditors and parties-in-interest due and proper notice of the

Confirmation Hearing and all applicable dates and times related thereto, including the Objection

Deadline and the procedures for filing objections to the Plan, in accordance with the Procedures

Order and Bankruptcy Rules 2002(b), 3018, 3020, and 9014.  *See* Dkt #57.  Such notice was

further fair, adequate and appropriate as to all parties to be affected by the Plan and the

transactions contemplated thereby.

F.      GLH timely filed the Voting Certification as required by Local Rule 3018-1(b).

Solicitation of acceptances of the Plan by GLH was made in good faith and in compliance with

the Procedures Order, all applicable provisions of the Bankruptcy Rules (including Bankruptcy

Rules 3017 and 3018), all applicable provisions of the Bankruptcy Code (including sections 1125

and 1126), and all other applicable laws, rules, and regulations.

---

[2] "IT IS FURTHER ORDERED that if no timely and proper Eligibility Objections are filed and served in
accordance herewith, (a) no Eligibility Hearing will be conducted, (b) the filing of GLH's petition in the Chapter 9
Case shall be deemed an order for relief under § 921(d) of the Bankruptcy Code as of the petition date on April 15,
2026 (SDM), and (c) publication of the Notice of Commencement shall be deemed satisfactory notice of such order
for relief under § 923 of the Bankruptcy Code." No objection to eligibility was timely filed.

G.      To the extent the terms of the Plan, or terms or agreements contained in this Confirmation Order that modify and supersede the Plan, embody a compromise and settlement by GLH, each such compromise and settlement (a) is made in good faith, furthers the policies and purposes of chapter 9, is fair, equitable, and reasonable; (b) is in the best interests of GLH and its creditors; and (e) meets the standards for approval under §§ 105(a) and 1123(b) of the Bankruptcy Code, Bankruptcy Rule 9019(a), and other applicable law.

H.      The Confirmation Hearing was held in accordance with the Procedures Order and § 1128 of the Bankruptcy Code and Bankruptcy Rule 3020(b)(2).

I.      Objections to confirmation of the Plan were filed by US Health and Human Services [Dkt #67] (the "**USHHS Objection**") and a *Limited Objection of Blue Cross Blue Shield of Mississippi* [Dkt #68] (the "**BCBS Objection**").  The USHHS Objection is resolved by agreed terms contained in this Confirmation Order.  For the avoidance of doubt, the provider/payor agreement between GLH and Blue Cross & Blue Shield of Mississippi is not listed on Schedule 9.1, is not assumed by GLH or assigned to UMMC, and is rejected under Article 9.2 of the Plan. The BCBS Objection should be overruled as moot.  The Mississippi Division of Medicaid ("DOM") filed a *Response to Plan of Adjustment* [Dkt #69] in support of confirmation of the Plan.

J.      GLH has satisfied the requirements of §§ 943(b) and 1129(a) of the Bankruptcy Code, as made applicable under § 901 of the Bankruptcy Code, as specifically set forth below:

1.      § 943(b)(1) and (2) – Plan's Compliance with Applicable Code Provisions

(a)      The Plan, as modified by the terms this Order, complies with all applicable provisions of the Bankruptcy Code as required by § 1129(a)(1) of the Bankruptcy Code, including, without limitation, §§ 1122 and 1123 of the Bankruptcy Code.  Pursuant to §§

1122(a) and 1123(a)(1) of the Bankruptcy Code, Article 4 of the Plan designates separate classes

of Claims for the Plan.  As required by § 1122(a) of the Bankruptcy Code, each such class of

Claims contains only Claims that are substantially similar to the other Claims within that Class.

(b)      Pursuant to § 1123(a)(2) and (3) of the Bankruptcy Code, Article 5

of the Plan specifies all classified Claims that are Impaired under the Plan.

(c)      Pursuant to § 1123(a)(4) of the Bankruptcy Code, Article 5 of the

Plan provides the same treatment for each Claim within a particular Class.  Class 1 and Class 4,

both comprised of Unsecured Claims, will receive different treatment under the Plan due to Class

1 being comprised of Convenience Claims as provided in § 1122(b) of the Bankruptcy Code,

with a relatively low dollar threshold ($5,000 or less).  The disparity in treatment will have an

insignificant monetary effect on the distribution to holders of Class 4 claims, especially when the

administrative cost savings are considered.  Further, all holders of a Class 4 claim were entitled

to elect to be treated as a Class 1 Convenience Claim.

(d)      Pursuant to § 1123(a)(5) of the Bankruptcy Code, the Plan

provides adequate means for implementation.  On the Effective Date, GLH and UMMC will

close the UMMC Transaction to transfer ownership and operation of hospital operations to

UMMC.  Thereafter, GLH will undertake all necessary actions required to properly wind-down

remaining affairs pursuant to the Post-Confirmation Budget.

(e)      The proposed assumption of the Executory Contracts and

Unexpired Leases identified by GLH and UMMC, respectively, in Schedule 9.1 to the Plan, and

the rejection of all Executory Contracts and Unexpired Leases not assumed under the Plan, is

made in accordance with § 365 of the Bankruptcy Code.  GLH has exercised reasonable business

judgment in electing to assume or reject its Executory Contracts and Unexpired Leases.

Payment by GLH of the cure amounts stated on Schedule 9.1, unless otherwise modified herein, is sufficient to cure any defaults. GLH and UMMC, as applicable, have further demonstrated adequate assurance of future performance of their respective obligations.

2.      § 1129(a)(2) – Compliance with Applicable Code Provisions

GLH has satisfied § 1129(a)(2) of the Bankruptcy Code with respect to solicitation of acceptances.  The requirements of §§ 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018 are satisfied because all classes of Claims entitled to vote on the Plan received ballots and cast votes on the Plan in sufficient number and amount to accept the Plan.

3.      § 1129(a)(3) – Proposal of the Plan in Good Faith

GLH proposed the Plan in good faith and not by any means forbidden by law.  The Plan was duly approved by the Board of Commissioners of GLH, the City, and the County, and the Plan otherwise complies with all applicable Mississippi law.  The Plan is a product of a cooperative and collaborative process that has resulted in formulation of a successful Plan supported by creditors, providing additional and independent evidence of GLH's good faith.

4.      § 1129(a)(6) – Approval of Rate Change by Regulatory Commission

Since GLH will be transferring all operating assets and hospital operations to UMMC, GLH will cease operating as a community hospital under Mississippi law. GLH therefore complies with the requirements of §§ 943(b)(6) and 1129(a)(6) of the Bankruptcy Code and applicable state law.

5.      § 1129(a)(8) – Acceptance of the Plan by Each Impaired Class

The requirements of § 1129(a)(8) are satisfied because all voting classes voted to accept the Plan.

6.      § 1129(a)(10) – Acceptance by at Least One Impaired Class

The requirements of § 1129(a)(8) are satisfied due to the acceptance by all Impaired

classes entitled to vote on the Plan, so § 1129(a)(10) is not applicable or necessary.

7.      § 943(b)(3) – Disclosure and Reasonableness of Services

GLH's engaged professionals have disclosed all amounts paid or estimated to be paid.

*See* Dkt ##71, 72 (the "**Declarations**").  All fees and expenses incurred in connection with the

provision of legal services and incidental expenses as disclosed in the Declarations have been

shown in all respects to be reasonable and necessary to the prosecution of this case.  GLH has

therefore satisfied § 943(b)(3) of the Bankruptcy Code.

8.      § 943(b)(4) – Best Interest of Creditors and Feasibility

GLH is not prohibited by law from taking any action necessary to carry out the Plan.  All

documents and agreements necessary to implement the Plan, including the Contribution

Agreement and all its ancillary documents, and the Post-Confirmation Budget, have been

negotiated in good faith, at arms' length, are in the best interests of GLH and all other affected

persons.  Upon occurrence of the Effective Date, the actions proposed in the Plan shall be

deemed to be valid, binding, and enforceable documents and agreements which do not conflict

with any federal or state law.

9.      § 943(b)(5) – Payment of Administrative Claims

GLH has demonstrated that all unpaid Allowed Administrative Claims will be paid on or

within a reasonable time after the Effective Date, or after such Administrative Claim becomes

Allowed, and shall be satisfied in full as and when required.  Satisfaction of Allowed

Administrative Claims in this manner is reasonable and satisfies § 943(b)(5) of the Bankruptcy

Code.

10.   § 943(b)(6) – Governmental Approval

There is no governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the actions, billings or otherwise of GLH after Closing of the UMMC Transaction and cessation by GLH of hospital operations after the Effective Date. The Plan therefore complies with the requirements of §§ 943(b)(6) and 1129(a)(6) of the Bankruptcy Code and applicable state law.

11.   § 943(b)(7) – Best Interest of Creditors and Feasibility

GLH has shown that there are no viable alternatives to that embodied and proposed in the Plan.  The Plan and Closing of the UMMC Transaction best serve the interests of the City, the County, and all residents of patients in their region of the Delta.  The Plan provides for adequate means to enable GLH to effectuate its terms and for the effective and efficient administration and closing of the estates from and after the Effective Date.  The evidence presented regarding the assumptions and projections underlying the Plan are reasonable and credible, have not been controverted by any party or other evidence, and support GLH's belief that confirmation of the Plan is feasible and the best means for adjustment of its debts.

K.   The transfers of assets and properties by GLH, the City, and the County, as applicable, to UMMC, as contemplated under the Contribution Agreement and all other ancillary documents and agreements, complies with the provisions of §§ 901 and 1123(a)(5)(D) of the Bankruptcy Code and therefore is free and clear of all liens, claims and interests other than those Assumed Liabilities as defined and expressly stated in the Contribution Agreement.   UMMC was shown to have acted in good faith as that term is construed under the Bankruptcy Code and is entitled to the full protections afforded a good faith purchaser thereunder.  GLH and UMMC negotiated the UMMC Transaction at arms' length and without collusion.  No holder of any

8

Excluded Liability shall have any right against UMMC or the Transferred Assets on account of such Excluded Liability, and all such holders are barred and enjoined from asserting against UMMC or the Transferred Assets any Excluded Liability or successor-liability theory based on any Excluded Liability.

L.      The modifications to the terms of the Plan provided for in this Confirmation Order, made as a result of resolution of objections or agreements with interested parties to resolve potential objections or to otherwise accommodate amendments to the Plan, comply with all provisions of the Bankruptcy Code, do not adversely affect any creditors or other interested parties, and do not require additional disclosure or resolicitation of votes in order to be approved. Each such term and provision of the Plan, as modified by this Confirmation Order or as interpreted by the Court, shall be valid and enforceable pursuant to its terms.

BASED ON THE FOREGOING, the Court is of the opinion that GLH and the Plan have satisfied all requirements of the Bankruptcy Code, the Plan is in the best interests of GLH and all creditors and parties-in-interest, and that it should therefore be approved and confirmed.

THEREFORE, IT IS HEREBY ORDERED:

1.      The record of the Confirmation Hearing is hereby closed.

2.      The Plan (including all exhibits and documents contained in the Plan Supplement) and each of the Plan's provisions are hereby approved and confirmed in all respects pursuant to §§ 943 and 944 of the Bankruptcy Code, subject to the modifications and amendments to the Plan as set forth in this Confirmation Order.  If there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.  All Objections are resolved by the terms of this Confirmation Order or are otherwise overruled.

3.      On or after the entry of this Confirmation Order, and subject to the occurrence of the Effective Date (except to the extent otherwise provided in the Plan or this Confirmation Order), the provisions of the Plan and this Confirmation Order shall bind GLH, all creditors and parties in interest.  Confirmation of the Plan binds each holder of a Claim to all the terms and conditions of the Plan, whether or not such holder's Claim is Allowed, whether or not such holder holds a Claim that is in a Class that is Impaired under the Plan, and whether or not such holder has accepted the Plan.

4.      GLH is hereby authorized to take all actions necessary or appropriate to enter into, execute, deliver and consummate the actions and transactions contemplated in the Plan and perform such other acts as may be necessary to implement and effectuate the Plan. GLH is further authorized to execute and deliver any instrument and perform any other act that is necessary for the consummation of the Plan in accordance with § 1142(b) of the Bankruptcy Code.  The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit or condition the authority, under otherwise applicable law, of any party to take any and all actions necessary or appropriate to implement, effectuate and consummate the Plan, this Confirmation Order and the respective transactions contemplated thereby on and after the Effective Date.

5.      The Effective Date of the Plan shall be the date after entry of this Confirmation Order that the conditions set forth in Section 11.2 of the Plan have been met or waived in accordance therewith.  GLH shall, within three (3) Business Days after the Effective Date has occurred, serve upon all holders of Claims and all counterparties to any Executory Contract or Unexpired Lease a copy of the *Notice of Effective Date* in substantially the form attached hereto as <u>Exhibit 1</u>, which is hereby approved, and shall file with the Court a certificate

that such notice was given.  Such notice will be good and sufficient notice under the particular

circumstances, will be made in accordance with all the requirements of the Bankruptcy Code and

the Bankruptcy Rules (including Bankruptcy Rules 2002(f)(7) and 3020(c)(2)),

6.      Upon entry of this Confirmation Order, and subject to the occurrence of

the Effective Date, GLH and the City and County, as applicable, are authorized and directed to

convey the Transferred Assets to UMMC pursuant to the provisions of the Contribution

Agreement and pursuant to §§ 901 and 1123(a)(5)(D) of the Bankruptcy Code. At Closing, all

right, title and interest in and to the Transferred Assets shall immediately vest in UMMC free

and clear of all liens, claims, interests, obligations or liabilities of every kind or description, on,

relating to, in respect of or against the Transferred Assets, excepting only those Assumed

Liabilities expressly provided for in the Contribution Agreement, pursuant to §§ 105, 901 and

1123(a)(5)(D) of the Bankruptcy Code.  Without limiting the generality of the foregoing,

UMMC shall not have any successor or transferee liability of any kind or character for any

liability of GLH that UMMC has not expressly assumed under the Contribution Agreement,

including, without limitation, any liability, claim or obligation that is or may be asserted based

upon any alter ego or successor-in-interest theory or allegation, and no holder of any Excluded

Liability may assert or enforce such Excluded Liability, or any successor-liability theory based

on such Excluded Liability, against UMMC or the Transferred Assets.  The UMMC Transaction

comports in all respects with the rights of GLH, the City, the County and UMMC to undertake

the UMMC Transaction pursuant to § 41-13-15(3) of the Mississippi Code.

7.      With respect to the assumption, assumption and assignment, and rejection

of Executory Contracts and Unexpired Leases on the Effective Date as provided in Article IX of

the Plan, the following shall be binding upon GLH, UMMC and all counterparties to all

Executory Contracts and Unexpired Leases, except to the extent that GLH and/or UMMC, as applicable, and any counterparty may reach alternative arrangements between them:

(a)      Assumption by GLH of those Executory Contracts and Unexpired Leases identified by GLH in Schedule 9.1 to the Plan is hereby approved and authorized in accordance with §§ 365 and 1123(b) of the Bankruptcy Code.  The cure amounts identified for each Executory Contract and Unexpired Lease shall be deemed final and determinative of the amount of any monetary defaults exiting thereunder, and payment of said amounts pursuant to the Plan shall satisfy and discharge any default alleged to exist with respect thereto.

(b)      Assumption by GLH and assignment to UMMC of each of those Executory Contracts and Unexpired Leases identified by UMMC in Schedule 9.1 to the Plan is hereby approved and authorized in accordance with §§ 365(b) and 1123(b) of the Bankruptcy Code. With respect to DOM, UMMC and DOM have entered into that certain Memorandum of Understanding dated July 8, 2026, governing the Medicaid change-of-ownership process and the repayment treatment of identified MHAP overpayments. As between DOM and UMMC, the MOU shall govern the matters addressed therein, and nothing in this Confirmation Order shall expand UMMC's obligations beyond the MOU and the Contribution Agreement.

(c)      All Executory Contracts and Unexpired Leases not assumed under the Plan shall be deemed rejected.  Any counterparty to a rejected Executory Contract or Unexpired Lease wishing to assert a Rejection Claim for rejection damages shall file a Proof of Claim within thirty (30) days after the Effective Date, failing in which such Rejection Claim shall be deemed discharged and forever barred, shall not be enforceable against GLH or its properties and assets, and shall not be entitled to distribution under the Plan.  GLH shall serve a copy of the *Notice of Effective Date* to each counterparty to any Executory Contract or

Unexpired Lease rejected pursuant to the Plan which shall be sufficient notice of such rejection and of the deadline by which any such Proof of Claim must be filed.

(d)    As provided in the Plan and in Schedule 9.1, GLH will assume as of the Effective Date that certain Administrative Services Agreement dated January 1, 2020, by and between the Debtor and UMR, Inc. ("**UMR**") (as may have been amended, restated, or otherwise modified, the "**ASA**").  While no amounts are past due as of July 1, 2026, under the ASA, GLH agrees to pay to UMR, in the ordinary course of business, any and all amounts that may come due from July 1, 2026 to the Effective Date.  GLH will reject as of the Effective Date that certain Facility Participation Agreement dated January 1, 2010, by and between UnitedHealthcare Insurance Company, UnitedHealthcare of Mississippi, Inc., and the other entities that are UnitedHealthcare Insurance Company's affiliates (collectively, "**United**"), on the one hand, and the Debtor, on the other hand, (the "**UHC Network Agreement**").  United shall have 90 days from the Effective Date, subject to extension by written agreement by United and GLH, to seek Allowance of an Administrative Claim for any and all post-petition amounts due under the UHC Network Agreement.  Schedule 9.1 and the Plan shall be deemed amended as ordered by the Court in this paragraph, and the foregoing terms shall control with respect to the ASA and the UHC Network Agreement notwithstanding anything in the Plan or this Confirmation Order to the contrary.

8.    The deadlines and other provisions regarding assertion, allowance and treatment of Administrative Claims set forth in Section 3.1 of the Plan, as may be modified by this Confirmation Order, are reasonable and approved in full.  Any holder wishing to assert an Administrative Claim shall do so within thirty (30) days after the Effective Date, failing in which such Administrative Claim shall be deemed discharged and forever barred, shall not be

13

enforceable against GLH or its properties and assets, and shall not be entitled to distribution under the Plan.  By agreement with DOM, the Administrative Claim asserted by DOM, filed as Claim No. 116, shall be deemed withdrawn and disallowed.

9.      The Court approves the amount of the fees and expenses as set forth in the Declarations of counsel for GLH as reasonable and necessary to effectuate the Plan in this case, and thus § 943(b)(3) of the Bankruptcy Code is satisfied

10.      The discharge provisions contained in Section 12.2 of the Plan are hereby approved in full.  Without limiting the foregoing,

(a)      The rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in this Confirmation Order, confirmation of the Plan and occurrence of the Effective Date will discharge GLH from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt is filed or deemed filed pursuant to § 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to § 502 of the Bankruptcy Code or (iii) the holder of a Claim based on such debt has accepted the Plan.

(b)      Except as expressly provided otherwise in the Plan or this Confirmation Order, this Confirmation Order will be a judicial determination, as of the Effective Date, of a discharge of all Claims and other debts and liabilities against GLH, pursuant to §§ 524(a)(1), 524(a)(2) and 944(b) of the Bankruptcy Code, and such discharge will void any judgment obtained against GLH at any time, to the extent that such judgment relates to a discharged Claim.

14

(c)      On the Effective Date, except as otherwise provided in this Confirmation Order, all entities or persons that have been, are or may be holders of Claims against GLH, shall be permanently enjoined from taking any of the following actions against or affecting GLH or its property (or UMMC with respect to any property transferred to it in connection with the UMMC Transaction) with respect to such Claims (other than actions brought to enforce any rights or obligations under the Plan or this Confirmation Order): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting GLH or its property (including all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice); (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against GLH or its property; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against GLH or its property; (iv) asserting (except as otherwise authorized or permitted by law, and subject to the review and jurisdiction of the Bankruptcy Court, any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due GLH or its property; (v) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan, the settlements set forth in the Plan, this Confirmation Order, or the discharge provisions of § 944 of the Bankruptcy Code; and (vi) taking any actions to interfere with the implementation or consummation of the Plan; GLH and any other person injured by any willful violation of this permanent injunction shall be entitled to recover actual damages, including costs, expenses, and attorneys' fees, and, in appropriate circumstances, may recover punitive damages, from the willful violator, and the

Court retains jurisdiction over any Causes of Action resulting from any willful violation of this permanent injunction.

11.     Confirmation of the Plan and entry of this Confirmation Order shall constitute an injunction and shall continue in effect all applicable stays and prohibitions as set forth below:

(a)     Based on the facts and circumstances presented, the Court finds that good and valuable consideration has been provided for such provisions and that such provisions are fair, equitable, reasonable, and integral elements of the adjustment of GLH's debts and the resolution of the Case. Each of the provisions in Sections 12.5, 12.5 and 12. 6 of the Plan are hereby approved and shall be effective and binding upon all Persons as provided in the Plan.

(b)     Unless expressly modified or lifted by the Court, the injunctions or stays provided for in Section 12.4 of the Plan and in this Confirmation Order, under §§ 105 or 362 of the Bankruptcy Code or otherwise, and existing on the date of entry of this Confirmation Order or created hereby, shall remain in full force and effect unless modified or lifted by order of the Court.  Such injunctions are necessary to implementation of the Plan

(c)     The prosecution (whether directly, derivatively or otherwise) of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, liability or interest released or exculpated by operation of Sections 12.4 and 12.5 of the Plan is hereby permanently enjoined in accordance with Section 12.6 of the Plan.

12.     The Court hereby authorizes GLH to consummate the Plan immediately after entry of this Confirmation Order subject to the occurrence (or waiver) of the conditions precedent to consummation set forth in Section 11.2 of the Plan, notwithstanding Rules 3020(e), 6004(h), 6006(d) or 7062, all of which are hereby waived.

13.     Pursuant to § 945(a) of the Bankruptcy Code and as provided in Article XIII of the Plan, the Court shall retain jurisdiction (a) to enter appropriate orders in aid of implementation of the Plan pursuant to § 1142(b) of the Bankruptcy Code; (b) with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Confirmation Order; and (c) to enforce prohibitions against any subsequent collateral attack on the validations contained in the Plan and this Confirmation Order. The Court shall reserve all powers as are necessary or appropriate to enforce or to give effect to the Court's retained jurisdiction under the Plan and this Confirmation Order, including by way of injunction.

14.     Notwithstanding any other provision in the Plan, this Confirmation Order or any other document, the authorities of Medicare law and regulation shall govern fully as to all Medicare matters, including but not limited to the recoupment of any overpaid Medicare amount; and any potential transfer of GLH's Medicare provider agreement and billing numbers shall comport fully with the terms and conditions of Medicare law.

THEREFORE, in consideration of all of the foregoing, IT IS ORDERED that the Plan is hereby CONFIRMED and that this Confirmation Order shall be effective immediately upon entry.

IT IS FURTHER ORDERED that this Confirmation Order shall be effective immediately upon entry and shall not be subject to any stay or other delay to the immediate implementation of the terms of the Plan and this Confirmation Order.

##     END OF ORDER     ##

APPROVED AS TO FORM:


 /s/ *Samuel D. Wright*
SAMUEL D. WRIGHT
Assistant U.S. Attorney
For the U.S. Department of Health and Human Services


 /s/ *Andrew R. Wilson*
ANDREW R. WILSON
For Blue Cross & Blue Shield of Mississippi


/s/ *Craig M. Geno*
CRAIG M. GENO
For the Mississippi Division of Medicaid


Order Submitted By:

Douglas C. Noble, MS Bar No. 10526
**McCraney │ Montagnet │ Quin │ Noble, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone:  (601) 707-5725
Email:  dnoble@mmqnlaw.com

*Counsel to Greenwood Leflore Hospital*

## **EXHIBIT 1**

Notice of Effective Date
(on following page)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | |
| | ) | |
| GREENWOOD LEFLORE HOSPITAL | ) | Case No. 26-11337-SDM |
| | ) | Chapter 9 |
| Debtor. | ) | |
| | ) | |

**NOTICE OF EFFECTIVE DATE OF PLAN OF ADJUSTMENT**

TAKE NOTICE THAT, pursuant to the *Order Confirming Plan of Adjustment* entered by the Bankruptcy Court on July _____, 2026 (the "**Confirmation Order**"), confirming the *Plan of Adjustment* (the "**Plan**"), and pursuant to the provisions of the Plan, **the Effective Date of the Plan occurred on _____, 2026**.  Unless otherwise defined in this Notice, capitalized terms and phrases used herein shall have the meanings assigned to them in the Plan and the Confirmation Order, which in all respects govern the matters set forth herein.  The Effective Date of the Plan is determined to occur after all conditions set forth in Section 11.2 of the Plan have been satisfied or waived.

TAKE FURTHER NOTICE THAT, subject to the provisions of Article 12 of the Plan and the terms of the Confirmation Order, on and after the Effective Date, the provisions of the Plan shall be binding upon and inure to the benefit of GLH, all present and former holders of Claims against GLH, its respective successors and assigns, and all other parties-in-interest in this Case.

**IMPORTANT DEADLINES**

The following deadlines are established, either in the Plan or the Confirmation Order, by which dates certain action may be required to be taken in order to preserve certain rights thereunder:

- Applications for allowance and payment of Administrative Claims against GLH arising prior to the Effective Date must be filed with the Bankruptcy Court and properly noticed <u>no later than thirty (30) days after the Effective Date</u>.

- If rejection of an Executory Contract or Unexpired Lease effected pursuant to the Plan results in a Rejection Claim, then such Rejection Claim must be filed with the Bankruptcy Court and served on counsel for GLH <u>no later than thirty (30) days after the Effective Date</u>.

<u>Failure to adhere to and comply with these deadlines and with any applicable provisions of the Plan or Confirmation Order relating thereto will result in such Claim being forever barred and unenforceable against GLH or its properties or assets</u>.  If a response or objection to any Claim filed or asserted by such deadline is filed by GLH, resolution of such Claim will be made by the Bankruptcy Court or otherwise in accordance with the Plan.

THIS THE _____ day of August, 2026.

**BY ORDER OF THE COURT**